HELEN BROWNRIGG, as Administratrix of the Estate of CLARENCE W. BROWNRIGG, Deceased, Respondent, *v.* BOSTON & ALBANY RAILROAD Co., Appellant, et al., Defendant.

First Department, June 2, 1959.

*C. Austin White* of counsel (*Jerome H. Shapiro* with him on the brief; *Gerald E. Dwyer,* attorney), for appellant.

*Hyman Herman* of counsel (*Seymour Launer,* attorney), for respondent.

*Per Curiam.*   Were it not for an omission in the proof of plaintiff's case, we would affirm the judgment entered upon the verdict of a jury for $10,000 in this action to recover damages for the wrongful death of plaintiff's intestate.   The proof of negligence was adequate, and the verdict, viewed under the applicable provisions of the Massachusetts death statute,* was not excessive.

Deceased was a trainman and flagman employed by the New Haven Railroad on a run from New York to Springfield, Massachusetts.   His train arrived in Springfield at 12:40 A.M. on February 7, 1953 and he was due to make a return trip to New York about four hours later.   When last seen, just after his train arrived, he was taking his equipment from the train for storage at a tool shed several tracks away.

About two hours later, the engineer of one of appellant's switching diesel engines, which had been going forward and

---

* Under the Massachusetts death statute as it then existed involving railroads, a defendant is "liable in damages in the sum of not less than two thousand dollars nor more than fifteen thousand dollars, to be assessed with reference to the degree of culpability of the corporation or of its servants or agents   *   *   *". (See *Loucks* v. *Standard Oil Co.,* 224 N. Y. 99; *Boott Mills* v. *Boston & Maine R. R.,* 218 Mass. 582, 586.)

backward over another track, noticed an apparently lifeless body on the track. The engineer testified in an examination before trial that he had been backing his cars for 10 minutes over the same area before he saw the body. Despite the application of the brakes, the leading truck of the engine went over the man. The body was subsequently identified to be that of the deceased.

In order to sustain a recovery in a death action "plaintiff must show with reasonable certainty that the death was the proximate result of the alleged wrongful act or omission of defendant." (25 C. J. S., Death, p. 1215 *et seq.*) Unquestionably, the jury could find that a diesel engine passing over the body of a living person would cause his death. But, initially, there must be some proof that the body struck was that of a living person. For all that appears in the record before us, the deceased may have met death through some other means before the impact with the train. The presence of the body on the track, at the time and place the engine struck it, is completely unexplained. Common experience does not lead to the expectation that a person, alive and uninjured, will be found lying on a track in the path of an oncoming train.

No matter how much the rules of evidence are relaxed in favor of a plaintiff in a wrongful death action, the minimum requirement is the establishment of the cause of death. The trier of the facts should not be permitted to infer that the deceased died from an impact without some showing of the known cause of death, even though the most likely inference may be that he died as a result of the impact.

Plaintiff did not introduce a death certificate into evidence. It has been held in Massachusetts that the portion of a death certificate reciting the cause of death is admissible in evidence. (*Trump* v. *Burdick,* 322 Mass. 253; see, also, *Boutillier* v. *Wesinger,* 322 Mass. 495.) A death certificate is admissible in this State as prima facie evidence of the facts therein stated. (Public Health Law, § 4103; Civ. Prac. Act, § 367; *Scott* v. *Empire State Degree of Honor,* 204 App. Div. 530, 532.)

If an autopsy was performed — and from the record it appears that a medical examiner was called immediately after the accident — the cause of death could easily be shown. Moreover, if the report of a post-mortem examination gives no indication that the cause of death was anything but the impact with the engine, then the burden would rest with defendant to prove that the deceased was not alive when the engine went over the body.

But in the absence of proof of the cause of death, plaintiff may not have a verdict in this action. The judgment should be reversed, on the law, and a new trial granted, with costs to abide the event.

BOTEIN, P. J., RABIN, M. M. FRANK, VALENTE and McNALLY, JJ., concur.

Judgment unanimously reversed upon the law, and a new trial ordered, with costs to abide the event.