■ GORDON P. ANDERSON, Respondent, v COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION, Also Known as COMMERCIAL TRAVELERS MUTUAL INSURANCE Co., Appellant.—Appeal from a judgment of the Supreme Court, entered October 20, 1978 in Ulster County, upon a verdict rendered at a Trial Term, in favor of plaintiff. Plaintiff, the beneficiary of an insurance policy issued by defendant, brought this action to recover $15,000 in accidental death benefits due to the death of the insured, his father. He claimed that his father, who was found dead in a friend's swimming pool after a pool party in the early morning hours of July 28, 1975, died as a result of an accidental drowning and that, therefore, as beneficiary he was entitled to the accidental death benefits under the policy which insured against death "caused directly by and due solely to accidental bodily injuries." Defendant contended that the death was not caused by accidental drowning but, rather by a heart attack, for which no liability would attach. The jury agreed with plaintiff and returned a verdict in his favor. There should be an affirmance. There is no merit to defendant's first contention that the trial court erred in admitting into evidence a verified transcript of death in which the cause of death was given by the coroner as "asphxia due to drowning." Subdivision 3 of section 4103 of the Public Health Law provides that a properly certified death certificate is "prima facie evidence in all courts and places of the facts therein stated." The cases relied upon by defendant to support its contention that such certificates are admissible to show only the fact of death and not the cause of death are not here controlling; they involved questions concerning the physician-patient privilege (see Beglin v Metropolitan Life Ins. Co., 173 NY 374; Davis v Supreme Lodge, Knights of Honor, 165 NY 159, 163; Buffalo Loan Trust & Safe Deposit Co. v Knights Templar & Masonic Mut. Aid Assn., 126 NY 450), or a criminal defendant's right of confrontation (see People v Hampton, 38 AD2d 772). Here, the privilege is not applicable because an autopsy of a corpse is not privileged (see Walsh v Beckman, 29 Misc 2d 591, 593) and even if it

were, plaintiff, as next of kin to the deceased, waived the privilege by introducing the death certificate as part of his proof of death (CPLR 4504, subd [c], par [1]; *Regan v National Postal Transp. Assn.,* 53 Misc 2d 901, 907). Accordingly, the death certificate was properly admitted as prima facie evidence of the cause of death (Public Health Law, § 4103; CPLR 4520; see *Gioia v State of New York,* 22 AD2d 181, 184; *Brownrigg v Boston & Albany R. R. Co.,* 8 AD2d 140, 142; *Regan v National Postal Transp. Assn., supra).* We find no merit in defendant's contention that Dr. Gershon was compelled to give his expert opinion against his will. Furthermore, we find no reversible error in the opening statements of the plaintiff's attorney. We have examined the remainder of defendant's contentions and find them to be without merit. Judgment affirmed, with costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.