■ MARILYN W. HARTMAN, as Executrix of WANDA M. PIETREWICZ, Deceased, Respondent, v BROOKS R. DERMONT, Appellant. — Judgment unanimously reversed, on the law and the facts, without costs, and matter remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following memorandum: Decedent was struck by a car owned and operated by defendant while crossing a city street between intersections on a rainy, dark night. She received multiple serious injuries which hospitalized her until her death resulted 40 days later. Plaintiff's complaint alleges causes of action for conscious pain and suffering and wrongful death. The court, in a nonjury trial, awarded $80,000 for conscious pain and suffering. In the wrongful death action, it awarded $40,000 for pecuniary loss and $39,294.39 for medical and hospital expenses. It apportioned fault for the accident equally and granted plaintiff a verdict, 50% of the total damages as found, plus interest. Defendant challenges the apportionment, the award for pecuniary loss and inclusion of hospital and medical expenses in the wrongful death award. We find no reason

to disturb the apportionment but the judgment must be reversed because of errors in both amounts included in the wrongful death cause of action. First, we find no evidence of pecuniary loss (see *Tilley v Hudson Riv. R. R. Co.*, 29 NY 252; *Juiditta v Bethlehem Steel Corp.*, 75 AD2d 126, 138-139; see *Liff v Schildkrout*, 49 NY2d 622, 633; and see, generally, 1 NY PJI2d 683 *et seq.*). Decedent was a 64-year-old widow, seriously ill and living on disability benefits. Plaintiff did not claim that she would ever be re-employed. Her survivors were two emancipated and self-supporting children, a daughter 43 years old and a son 25 years old. Both were out-of-State residents. The only showing of "pecuniary loss" is the daughter's testimony in which she described the decedent as her advisor and counselor. Considering the daughter's age, her Florida residence and that there was no proof the decedent possessed any special education or experience which would have a pecuniary impact on her daughter, the claim for pecuniary loss is dismissed. Second, although the court properly included the medical, hospital and funeral expenses in the verdict in the wrongful death cause of action, we do not find evidence in the record to support its award. Defendant contends those expenses should not have been included in the wrongful death verdict, but inasmuch as the distributees in the death action and the heirs of the estate in the conscious pain and suffering action were the same, the court's award for expenses could be made in either cause of action (see EPTL 5-4.3, 11-3.3). Nor was it necessary to demonstrate that plaintiff had paid the bills. It was sufficient that the distributees or the estate were responsible for paying them. The proof of the amount of the expenses is so unsatisfactory, however, that, it is incapable of appellate review. During the trial plaintiff's counsel submitted eight exhibits and advised the court that "counsel has graciously consented that they be marked in evidence." Apparently, the bills were received on stipulation of counsel, but that does not appear in the record. Nor is there any stipulation or proof that the bills marked were reasonable and necessary charges for decedent's care. Defense counsel does not now urge otherwise, however, and we assume that they are. Counsel's complaint is that the court did not rely upon the marked bills in computing medical and funeral expenses of $39,294.30, but rather, accepted as true a summary of expenses contained in a posttrial letter to the court from plaintiff's counsel. That letter, which is before us, recites expenses which we are unable to correlate with evidence in the record. For example, we find no evidence of Dr. Grabiec's bill (although the court apparently included $371.50 in its award); the evidence of the funeral bill is $390 less than the court awarded; and, some of the charges (i.e., hospital records) are not proper medical charges in the action. Nor are we able to add up the charges in the other bills received as exhibits, if in fact they were, and arrive at the sums included in the court's award. We recognize that this was a Bench trial and that some or all of the things puzzling us may have been made clear to the court in the side-bar conferences indicated in the record. Unfortunately, we are unable to review the record without that knowledge. Normally, we would find a failure of proof on this branch of the case, but the fault does not seem to rest entirely with plaintiff's counsel, since defense counsel and the court acquiesced in the informal proceedings. We reverse the judgment and remit the matter to the trial court so that it may determine, on the present record, exactly what medical and funeral expenses are to be included in the judgment, that sum to be added to the verdict for conscious pain and suffering and judgment entered accordingly. The claim for pecuniary loss is dismissed. (Appeal from judgment of Supreme Court, Niagara County, Broughton, J. — negligence.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Denman, JJ.