■ Katherine M. Kastick, Individually and as Executrix of Theodore H. Kastick, Deceased, Appellant-Respondent, et al., Plaintiff, v U-Haul Company of Western Michigan et al., Respondents-Appellants. (Appeal No. 1.) [688 NYS2d 857] —Judgment unanimously reversed on the law with costs to plaintiff and new trial granted. Memorandum: Supreme Court erred in dismissing the wrongful death cause of action. The certified hospital bills for decedent's medical care, which were admitted into evidence, are prima facie evidence (*see, People v Mertz,* 68 NY2d 136, 148) that the amounts charged were reasonable and necessary (*see,* CPLR 4518 [b]). Contrary to defendants' contention, Katherine M. Kastick (plaintiff) provided sufficient proof that the motor vehicle accident was a substantial factor in causing decedent's death (*see, Garcia v City of New York,* 205 AD2d 49, 51, *lv denied* 85 NY2d 810). That proof included the death certificate, which stated that complications from injuries sustained in the accident were a "significant condition[ ] contributing to the death" (*see, Anderson v Commercial Travelers Mut. Acc. Assn.,* 73 AD2d 769). Decedent was hospitalized for 148 days following the motor vehicle accident until his death. Also contrary to defendants' contention, the testimony of decedent's treating physician was properly admitted (*see, Stark v Semeran* [appeal No. 2], 244 AD2d 894), and that testimony and the death certificate were sufficient to raise a question of fact whether the medical treatment received by decedent during that time was causally related to the injuries sustained by him in the accident.

The court further erred in dismissing plaintiff's claim for loss of household services. There was sufficient testimony from plaintiff and other members of decedent's family concerning the household services performed by decedent to raise a question of fact on that issue. Expert testimony, although permissible, is not a prerequisite to establishing the value of household services (*see, DeLong v County of Erie,* 89 AD2d 376, 386-389, *affd* 60 NY2d 296). In addition, the court erred in dismissing plaintiff's claim for loss of support. A jury could

conclude, based on plaintiff's testimony establishing a net loss of Social Security income to the household as a result of decedent's death, that a portion of decedent's Social Security income would have been used for plaintiff's support.

Defendants' contention that the wrongful death cause of action was properly dismissed because plaintiff failed to introduce evidence of decedent's life expectancy is raised for the first time on appeal. In any event, although plaintiff did not introduce evidence of decedent's life expectancy as set forth in the life expectancy tables, there was sufficient evidence of decedent's "health, habits, employment and activities" from which a jury could have determined decedent's life expectancy (PJI3d 2:320, at 1256).

Thus, we reverse the judgment insofar as appealed from and grant a new trial on damages for conscious pain and suffering and on whether decedent's death was caused by the motor vehicle accident and, if so, on damages for wrongful death. In light of that determination, we do not reach the issue of the adequacy of the jury's award for conscious pain and suffering. (Appeals from Judgment of Supreme Court, Cayuga County, Siracuse, J.—Negligence.) Present—Denman, P. J., Green, Hayes, Pigott, Jr., and Balio, JJ. [As amended by unpublished order entered June 18, 1999.]