■ ASHLEY ANDREE, an Infant, by Her Mother and Natural Guardian, CHRISTINE ANDREE, Respondent, v WINTHROP UNIVERSITY HOSPITAL, Defendant, and EDWARD WRIGHT, Appellant. [715 NYS2d 658] —In an action to recover damages for medical malpractice, etc., the defendant Edward Wright appeals from a judgment of the Supreme Court, Nassau County (Dunne, J.), entered August 12, 1999, which, upon a jury verdict in favor of the plaintiff and against him, and upon an order of the same court reducing the verdict upon the plaintiff's stipulation, is in favor of the plaintiff and against him in the principal sums of $1,000,000 for past pain and suffering, $1,160,900 for future pain and suffering, $1,392,950 for future medical expenses and equipment, $1,392,950 for future physical and occupational therapy, $2,321,000 for future custodial care, and $232,200 for impairment of earning capacity.

Ordered that the judgment is affirmed, with costs.

There was sufficient expert medical testimony from which the jury could rationally conclude that the plaintiff's injuries were proximately caused by the negligence of the appellant, Dr. Edward Wright (*see, Depradine v New York City Health &*

*Hosps. Corp.*, 255 AD2d 288; *Devito v Opatich,* 215 AD2d 714). Moreover, the verdict in favor of the plaintiff was not against the weight of the credible evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129).

The trial court properly denied the appellant a new trial based upon the surprise revelation of his expert witness. The appellant's expert witness testified as she did due to his own error, which could have been anticipated in the exercise of due diligence (*see, Hannon v Dunkirk Motor Inn,* 167 AD2d 834).

The damages awarded, as reduced by the Supreme Court and stipulated to by the plaintiff, do not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Bermeo v Atakent,* 241 AD2d 235).

The appellant's remaining contentions are without merit. O'Brien, J. P., Friedmann, Krausman and Schmidt, JJ., concur.