■ KATHERINE M. KASTICK, Individually and as Executrix of THEODORE H. KASTICK, Deceased, et al., Appellants, v U-HAUL COMPANY OF WESTERN MICHIGAN et al., Respondents. (Appeal No. 1.) [740 NYS2d 167] —Appeal from a judgment of Supreme Court, Cayuga County (Corning, J.), entered June 15, 2001, upon a jury verdict rendered in favor of plaintiffs.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by modifying the order entered May 18, 2001, to increase the award of medical expenses to $176,269.18 and to provide for interest on that amount from the date of decedent's death and by vacating the award of damages for conscious pain and suffering and as modified the judgment is affirmed without costs and a new trial is granted on damages for conscious pain and suffering only unless defendants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the verdict for conscious pain and suffering to $350,000, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.

Memorandum: On December 16, 1994, Theodore H. Kastick (decedent) was making a left turn from State Route 38 into his daughter's driveway in the City of Auburn when a U-Haul truck leased by defendant Nycole Rosetti and driven by defendant Mark C. Pierce struck decedent's vehicle on the driver's side while passing decedent's vehicle on the left. Decedent was pinned inside the vehicle and the jaws of life were required to free him. Decedent, who was 66 years old, sustained multiple rib fractures, a fractured leg and hip, three broken front teeth and numerous contusions. As a result of the rib fractures and pulmonary contusion, decedent was unable to take in enough oxygen, and he was placed on a respirator. He became respirator-dependent, and attempts to wean him from the respirator were unsuccessful. He died five months after the accident.

The first trial in this wrongful death action resulted in a verdict of $50,000 for decedent's conscious pain and suffering and $25,000 for the derivative cause of action of Katherine M. Kastick (plaintiff). Supreme Court dismissed plaintiff's wrongful death cause of action and claims for loss of household services and loss of support on the ground that plaintiff had not made out a prima facie case. On appeal from the judgment, we

reversed the judgment insofar as appealed from and granted a new trial "on damages for conscious pain and suffering and on whether decedent's death was caused by the motor vehicle accident and, if so, on damages for wrongful death" (*Kastick v U-Haul Co. of W. Mich.*, 259 AD2d 970, 971). In light of our determination, we did not reach the issue of the adequacy of the jury's award for conscious pain and suffering (*Kastick v U-Haul Co. of W. Mich., supra* at 971). At the second trial, the court directed a verdict, determining as a matter of law that the accident caused decedent's death. The claim for loss of support was withdrawn and the jury awarded damages of $125,000 for conscious pain and suffering and awarded no damages for loss of household services. The parties stipulated that decedent's medical expenses were $369,883.06, subject to a collateral source hearing.

Plaintiff contends that the court's determinations concerning the reductions for collateral sources are erroneous. After receiving payments from no-fault and Medicare, University Hospital "wrote off" the remaining balance of $138,613.88. Plaintiff contends that defendants were not entitled to a credit for that amount because the "write-off" did not constitute payment from a collateral source. Defendants contend that plaintiff may not recover from them an amount for which she never became obligated. We agree with defendants. Although the write-off technically is not a payment from a collateral source within the meaning of CPLR 4545, it is not an item of damages for which plaintiff may recover because plaintiff has incurred no liability therefor (*see, Coyne v Campbell,* 11 NY2d 372, 374-375; *Hartman v Dermont,* 89 AD2d 807, 808; *see also, McAmis v Wallace,* 980 F Supp 181, 183-184; *Moorhead v Crozer Chester Med. Ctr.,* 564 Pa 156, 162-163, 765 A2d 786, 789-790; *Bates v Hogg,* 22 Kan App 2d 702, 705-706, 921 P2d 249, 252-253).

We agree with plaintiff, however, that defendants did not meet their burden of establishing that the medical bills from providers other than University Hospital were "indemnified, in whole or in part, from any collateral source" (CPLR 4545 [c]; *see also, Adamy v Ziriakus,* 231 AD2d 80, 87, *affd* 92 NY2d 396; *Oden v Chemung County Indus. Dev. Agency,* 87 NY2d 81, 85-86). Defendants presented no proof concerning the source of payment of those additional medical bills, and the bills themselves do not identify the source of payment. Consequently, defendants should not be allowed to reduce their liability by the amount of those additional medical bills. Despite the failure of defendants to meet their burden of proof, plaintiff nevertheless has conceded in her brief on appeal that $55,000

was paid by collateral sources toward the total medical expenses. Consequently, we modify the order issued by the court following the collateral source hearing by reducing the total medical expenses by $55,000, the amount that plaintiff concedes was paid by collateral sources, and by $138,613.88, the amount of the University Hospital discount, and award plaintiff judgment for medical expenses in the amount of $176,269.18.

In addition, that order must be further modified based on the court's refusal to direct the payment of interest on the award of damages for medical expenses, as required by EPTL 5-4.3 (a). Although a portion of that award is subject to a Medicare lien upon which no interest will be charged, the language of the statute is mandatory. Thus, the court must add interest to the total award of damages for medical expenses from the date of decedent's death.

We further conclude that the jury's award of damages for decedent's conscious pain and suffering "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]). Finally, the verdict awarding no damages for loss of household services is not against the weight of the evidence. The standard by which to measure the loss of decedent's household services is the cost of replacing those services (*see, DeLong v County of Erie,* 89 AD2d 376, 386-389, *affd* 60 NY2d 296). Plaintiff testified that the only household tasks performed by decedent were mowing the lawn and plowing the driveway, and she presented no evidence of the cost of replacing those services (*see, Schultz v Harrison Radiator Div. Gen. Motors Corp.,* 90 NY2d 311, 320).

Thus, we modify the judgment by modifying the order entered May 18, 2001, to increase the award of medical expenses to $176,269.18 and to provide for interest on that amount from the date of decedent's death, and further modify the judgment by vacating the award of damages for conscious pain and suffering and grant a new trial on damages for conscious pain and suffering only unless defendants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the verdict for conscious pain and suffering to $350,000, in which event the judgment is modified accordingly. Present—Pigott, Jr., P.J., Pine, Scudder, Burns and Gorski, JJ.