OPINION OF THE COURT
Andrew K. Brotmann, J.
Can an expert witness be liable for damages under the theory of breach of contract where the expert did not testify as expected at trial?
Background
In the instant matter, Dr. Alan Poritzky was hired by attorney Peter Tangredi to provide dental expert testimony on behalf of his client Barbara Blackman.[1] In connection therewith, Mr. Tangredi, on behalf of his client, paid Dr. Poritzky a fee to prepare a report which is dated December 18, 1992 *287 (defendant’s exhibit 2). In the report, Dr. Poritzky points to several areas in which the treating dentist failed to provide the proper standard of care. Based on that report, Dr. Poritzky was hired to provide testimony at the trial of the malpractice action. Immediately prior to the trial, which was held on April 4, 2001, Mark Siesel, who was trial counsel for Mr. Tangredi, tendered a check to Dr. Poritzky in the amount of $2,150 (plaintiffs exhibit A) which was the agreed upon fee for Dr. Poritzky’s testimony. Thereafter, Dr. Poritzky did in fact testify at the trial. Plaintiff alleges that defendant’s testimony, however, was inconsistent with his report (defendant’s exhibit 1) and after trial, Mr. Tangredi placed a stop payment on the check. Dr. Poritzky has commenced the instant action based on the stopped check. Barbara Blackman has commenced a suit against Dr. Poritzky seeking to recover the cost of preparing the initial report and for her dental records which Dr. Poritzky has retained. The two cases have been consolidated for trial.
Discussion
I
Addressing Ms. Blackman’s claim first, the court finds that there are no grounds pursuant to which Dr. Poritzky should refund the fee paid to him to prepare his initial report. The report was prepared over eight years prior to the trial. Therefore her claim is barred by the applicable statute of limitations. It also appears that this was a completed contract. Dr. Poritzky was paid to review certain records, which he did, and prepare a report, which he did. Additionally, Ms. Black-man has provided no proof that she actually paid the fee and thus she may not be the party entitled to a refund.[2] Thus, this portion of her complaint is dismissed.
Ms. Blackman has also sued Dr. Poritzky for the value of the x-rays and other records he has retained. Dr. Poritzky brought the records with him to trial and returned them in open court. All that remains of Ms. Blackman’s claim is the fact that she had to obtain two new x-rays, at $100 each, to continue her ongoing dental treatment. On this cause of action the court finds that as Dr. Poritzky had been retained by Mr. Tangredi, there was no valid basis to retain the records of Ms. Blackman and that the records should have been returned. Previous *288 dental records are, as are medical records, vital to treating dentists to track progress and make proper diagnosis and therefore it was improper for Dr. Poritzky to retain same. Therefore, on that ground, judgment shall enter in favor of Ms. Blackman against Dr. Poritzky in the amount of $200 together with costs and interest to run from July 1, 2001.
II
Turning now to Dr. Poritzky’s claim against Mr. Tangredi. It is Mr. Tangredi’s position that Dr. Poritzky breached the contract between them whereby Dr. Poritzky agreed to provide certain testimony and therefore Mr. Tangredi was justified in stopping payment on the check. The court disagrees. While the court acknowledges that Dr. Poritzky’s testimony was somewhat at odds with his prior report, the dictates of public policy require that the paths which lead to the ascertainment of truth be left free and unobstructed. Such inconsistency is not without precedent and in Andree v Winthrop Univ. Hosp. (277 AD2d 265 [2d Dept 2001]) the Court held that a surprise revelation by one’s own expert is not a ground for a new trial. Allowing a party to avoid payment of an expert witness fee based on an unfavorable result after trial or dissatisfaction with the expert’s performance would undermine the integrity of the judicial process. Furthermore, such a determination would encourage a broader interpretation of such a ruling. Could an attorney refuse to pay an expert who testified as expected but the case is lost nevertheless? Could an attorney refuse to pay an expert where the case is won but the damages are less than anticipated? Additionally, the threat of nonpayment could encourage experts to assert the most extreme positions favorable to the party by whom they were hired thereby depriving the finder of fact of candid, objective and undistorted evidence.
It cannot be overlooked that there was more than an eight-year gap between the preparation of Dr. Poritzky’s report and his testimony at trial. Were there intervening factors which led to his inconsistent testimony? Although a party may not impeach the credibility of their own witness, nevertheless, when surprised by a witness’ testimony, the party may question the witness with regard to prior inconsistent statements. (See Prince, Richardson on Evidence § 6-222 [Farrell 11th ed 1995].) It is incumbent upon the attorney to confirm, prior to trial, that the expert’s opinion is consistent with the position the attorney wishes to espouse.
Based on the foregoing, we find that Mr. Tangredi’s failure to pay Dr. Poritzky for his expert testimony was improper. *289 Judgment shall enter in favor of Dr. Poritzky against Mr. Tangredi in the amount of $2,150 together with costs and interest to run from April 3, 2001.

. No question has been raised about Dr. Poritzky’s qualification to provide such testimony.

. It is uncontested that Dr. Poritzky has received his fee. What remained unclear was who made the payment, whether it was Ms. Blackman or her attorneys.