■ JEAN ZYGMUNT, Appellant-Respondent, v HARRY BERKOWITZ, Respondent-Appellant, et al., Defendants. [754 NYS2d 313] —In an action to recover damages for wrongful death, etc., the plaintiff appeals (1) from an order of the Supreme Court, Kings County (R. Goldberg, J.), dated May 17, 2001, which, sua sponte, amended an order of the same court, dated April 30, 2001, that, inter alia, calculated interest on future damages, and (2) as limited by her brief, from so much of a judgment of the same court, also dated May 17, 2001, as, upon a jury verdict awarding the plaintiffs the principal sum of $637,500 for lost earnings, denied damages for the loss of parental guidance by the decedent's children and for conscious pain and suffering, and the defendant Harry Berkowitz cross-appeals from the same judgment.

Ordered that the appeal from the order is dismissed, as no appeal lies as of right from an order which does not decide a motion made on notice (see CPLR 5701), and leave to appeal has not been granted; in any event, the appeal from the order has been abandoned; and it is further,

Ordered that the cross appeal is dismissed as abandoned (see 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment is modified, on the law and the facts, by adding thereto a provision severing the plaintiffs' cause of action as to damages for the loss of parental guidance by the decedent's children, and granting a new trial with respect thereto; as so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for the loss of parental guidance by the decedent's children; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The action arises from the alleged medical malpractice of the defendants in failing to diagnose and treat unstable angina

which led to the death of the plaintiff's husband from a heart attack on December 22, 1996. The jury apportioned fault 25% against the defendant Dr. Harry Berkowitz, and 75% against the decedent, which the plaintiff does not challenge on appeal.

The jury awarded damages for lost earnings to the plaintiff but determined that the decedent's two sons, ages five and eight at the time of his death, did not suffer any loss of parental guidance. In addition, the jury found that the decedent had not experienced conscious pain and suffering from November 30, 1996, to his death as a result of Dr. Berkowitz's alleged negligence. On appeal, the plaintiff argues that the jury's failure to award pecuniary damages for the children's loss of parental guidance and for pain and suffering was against the weight of the evidence.

With respect to damages for loss of parental guidance, the statutory principle is that the damages should represent an amount which is fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought (*see* EPTL 5-4.3). "[I]t has 'long been recognized that pecuniary advantage results as well from parental nurture and care, from physical, moral and intellectual training, and that the loss of those benefits may be considered within the calculation of "pecuniary injury" ' " (*Kenavan v City of New York,* 120 AD2d 24, 33, *affd* 70 NY2d 558, quoting *De Long v County of Erie,* 89 AD2d 376, 386, *affd* 60 NY2d 296). Here, although the plaintiff testified that the decedent's work schedule often kept him away from home, the decedent generally spent several hours during weekday evenings and entire weekends with his children. The plaintiff also testified that the decedent was a "wonderful dad" who always helped out whenever he could, and that during the years before his death, he taught the children to play baseball, read to them, and took them to the movies, bowling, ice skating, to the park, to the zoo, and to any place "a child would enjoy." Such testimony, which was unrefuted, established that the decedent played a role in providing the children with nurture and care, and physical, moral, and intellectual training. Accordingly, the jury verdict in favor of the defendant on the matter of damages for loss of parental guidance could not have been reached "on any fair interpretation of the evidence" (*Nicastro v Park,* 113 AD2d 129, 134 [internal quotation marks omitted]).

With respect to damages for pain and suffering, Dr. Berkowitz presented sufficient expert medical evidence from which the jury could have rationally concluded that the pain experienced by the decedent in the days before his death was not proxi-

mately caused by Berkowitz's negligence (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499; *see also Andree v Winthrop Univ. Hosp.,* 277 AD2d 265). Furthermore, the conflict in the testimony of the expert witnesses presented a credibility issue for the jury to resolve (*see Magnavita v County of Nassau,* 282 AD2d 658; *Gray v McParland,* 255 AD2d 359). Thus, the verdict as to damages for pain and suffering was supported by a fair interpretation of the evidence (*see Thomas v Brookdale Hosp. Med. Ctr.,* 287 AD2d 448; *Romero v Karavidas,* 282 AD2d 665). S. Miller, J.P., Schmidt, Townes and Crane, JJ., concur.