■ DANIEL F. FINUCANE, Appellant, v GENE NEGRI et al., Respondents. [753 NYS2d 870] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Young, J.), dated February 28, 2002, which, upon a jury verdict in favor of the defendants on the issue of liability, and, upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly denied the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence. "The established rule is that a jury verdict will not be set aside as against the weight of the evidence unless the jury could not have reached the verdict it rendered by any fair interpretation of the evidence" (*Mehar v City of New York,* 288 AD2d 360 [internal quotation marks omitted]; *see Cohen v Hallmark Cards,* 45 NY2d 493, 499). The jury may disregard an expert's opinion if it finds that it was not based upon a fair interpretation of the evidence (*see Baker v Shepard,* 276 AD2d 873, 875; *Prescott v LeBlanc,* 247 AD2d 802), and the findings of the jury based upon its observation of the physical evidence should not be disturbed. The evidence provided a fair basis for the verdict in favor of the defendants (*see Calabrese v Cheung W. Chan,* 244 AD2d 376).

The Supreme Court properly declined to charge the jury with respect to the doctrine of res ipsa loquitur. The record did not support the plaintiff's contention that the event was one that would not ordinarily occur in the absence of someone's negligence (*see Imhotep v State of New York,* 298 AD2d 558). Moreover, the plaintiff did not establish that the ladder in question was in the exclusive control of the defendants on the morning of the plaintiff's accident (*see Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226).

The plaintiff's remaining contentions either are unpreserved for appellate review (*see Laboda v VJV Dev. Corp.,* 296 AD2d 441; *Calabrese v Cheung W. Chan, supra*) or are without merit. Santucci, J.P., H. Miller, Schmidt and Townes, JJ., concur.