■ ROSLYN ROCKOWITZ et al., Appellants, v ROBERT A. GREENSTEIN et al., Respondents. [782 NYS2d 795]—In an action to re-

cover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Molia, J.), entered September 10, 2003, which, upon a jury verdict in favor of the defendants and against them on the issue of liability, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiffs contend that the trial court erred in failing to include Vehicle and Traffic Law § 1180 (a) and (e), and PJI 2:77.1 (2004 Supp) in its jury charge. However, this argument is unpreserved for appellate review since the plaintiffs did not request a charge, nor did they take exception to the charge as delivered (*see* CPLR 4110-b; *Roman v Parkash,* 4 AD3d 408 [2004]; *Smith v J.C. Penney Co.,* 300 AD2d 466 [2002]; *Frumusa v Weyer Constr.,* 245 AD2d 416 [1997]; *Morrissey v City of New York,* 221 AD2d 607 [1995]). We decline to exercise our interest of justice jurisdiction since the trial court's failure to include Vehicle and Traffic Law § 1180 (a) and (e), and PJI 2:77.1 (2004 Supp) did not constitute a fundamental error (*see Rozzoni Design v Fratelli Ricatto Import & Export Co.,* 269 AD2d 517 [2000]; *Saleh v Sears, Roebuck & Co.,* 119 AD2d 652 [1986]).

A verdict must be aside as a matter of law where there is "no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). Contrary to the plaintiffs' contention, the jury could rationally conclude that the defendant driver was not negligent based on the evidence presented at trial.

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Finucane v Negri,* 301 AD2d 626 [2003]; *Nicastro v Park,* 113 AD2d 129, 134 [1985]). Great deference is accorded to the fact-finding function of the jury, and determinations regarding the credibility of witnesses are for the jury, which had the opportunity to see and hear the witnesses (*see Corcoran v People's Ambulette Serv.,* 237 AD2d 402 [1997]). On the evidence presented, the jury reasonably could have reached its verdict based on a fair interpretation of the evidence.

The plaintiffs' remaining contentions are without merit. Ritter, J.P., S. Miller, Mastro and Fisher, JJ., concur.