POLYFUSION ELECTRONICS, INC., Appellant-Respondent, v AIRSEP CORPORATION, Respondent-Appellant. [816 NYS2d 783]—

Appeal and cross appeal from a judgment of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered November

29, 2004 in a breach of contract action. The judgment, after a nonjury trial on the issue of damages, awarded plaintiff the sum of $123,052.89.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed and the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for breach of contract and now appeals from a judgment entered following a nonjury trial on the issue of damages. According to plaintiff, Supreme Court erred in reducing the amount of damages awarded to plaintiff by subtracting indirect labor costs. The record establishes that the court granted plaintiff's motion to settle the record on appeal, ordering that, pursuant to CPLR 5525 (b), plaintiff "need not include in the Record on Appeal the transcript[ ] of the trial testimony." We conclude, however, that the appeal by plaintiff must be dismissed because the issue raised by plaintiff on appeal does not merely concern "rulings on questions of law" (CPLR 5525 [b]). Rather, in order to determine the issue raised by plaintiff, we must review the trial testimony with respect to the indirect labor costs, and the transcript of that testimony has not been included in the record on appeal. Plaintiff, as the appellant, "submitted this appeal on an incomplete record and must suffer the consequences" (*Matter of Santoshia L.*, 202 AD2d 1027, 1028 [1994]; *see Brown v Barron* [appeal No. 3], 23 AD3d 1125 [2005]; *Matter of Military Contrs. [Marrano/Marc Equity Corp.]*, 2 AD3d 1382 [2003]).

We reject the contention of defendant on its cross appeal that the court erred in granting that part of plaintiff's pretrial motion that sought summary judgment on the issue of liability. Plaintiff met its burden with respect to that part of the motion by establishing as a matter of law that the parties had entered into a binding agreement, the terms of which were set forth in a purchase order subscribed by representatives of the parties, and that defendant cancelled that agreement (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We reject the contention of defendant that it raised a triable issue of fact by presenting evidence of industry custom and practice, pursuant to which the parties to an agreement would accept reasonable modifications to the agreement. As the court properly determined, defendant was not entitled to rely upon that extrinsic evidence of industry custom and practice to alter the terms of the otherwise unambiguous agreement at issue (*see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 278 [2005]; *see generally Battista v Radesi*, 112 AD2d

42 [1985]). Finally, the contention of defendant that it was merely making reasonable modifications to the purchase order agreement also is without merit, because a party to an agreement may not unilaterally change its terms (*see Gui's Lbr. & Home Ctr., Inc. v Mader Constr. Co., Inc.*, 13 AD3d 1096, 1097 [2004], *lv dismissed* 5 NY3d 842 [2005]). Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Green, JJ.