■ MICHELLE RIVERS LEGER, Appellant, v DEAN CHASKY et al., Respondents. [865 NYS2d 616]—

In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Levine, J.), entered March 27, 2007, which, upon a jury verdict awarding her damages in the sum of $900,000 for the pecuniary loss sustained by the decedent's infant child through the age of 18 and, upon an order of the same court dated February 28, 2006, granting the defendants' motion pursuant to CPLR 4404 to set aside and reduce the jury verdict as to damages as against the weight of the evidence and excessive, is in favor of her and against the defendants in the principal sum of only $23,244.

Ordered that the judgment is reversed, on the law, the order dated February 28, 2006 is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages, with costs to abide the event.

At trial, the former wife of the decedent testified that the decedent maintained a very good relationship with their daughter (hereinafter the infant distributee), who was 12 years old at the time of the decedent's death. In describing the relationship, the former wife testified that the decedent would, among other things, telephone the infant distributee every other day, see her two or three times a month, spend time with her during the Christmas holiday, attend school functions, and at times drive

her to school and take her to the doctor. In addition, pursuant to court order, the decedent made bimonthly child support payments. Based upon this testimony, the Supreme Court erred in denying the plaintiff's request to instruct the jury that loss of parental guidance was a component of pecuniary damages and to submit a verdict sheet asking the jury to compute pecuniary loss from the date of death until the infant distributee reached the age of 21.

"In a wrongful death action, an award of damages is limited to the fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought" (*Plotkin v New York City Health & Hosps. Corp.*, 221 AD2d 425, 426 [1995]; *see* EPTL 5-4.3 [a]). The loss of parental nurture and care, as well as physical, moral, and intellectual training, is a proper component of pecuniary injury and may be considered by the jury in determining damages (*see Zygmunt v Berkowitz*, 301 AD2d 593, 594 [2003]; *Plotkin v New York City Health & Hosps. Corp.*, 221 AD2d 425 [1995]). Contrary to the Supreme Court's determination here, the evidence presented was sufficient to support the charge of parental guidance (*see Zygmunt v Berkowitz*, 301 AD2d at 594). Moreover, damages may be computed for pecuniary loss to an infant until he or she reaches the age of 21 (*see Odom v Byrne*, 104 AD2d 863, 864-865 [1984]). Accordingly, we remit the matter to the Supreme Court, Kings County, for a new trial on the issue of damages.

The plaintiff further contends that the trial court erred in precluding the testimony of the infant distributee. In light of our determination regarding the propriety of the charge, we need not reach this contention. Upon remittal, however, there is no basis for precluding the infant distributee's testimony at the new trial on damages as the defendants can no longer claim either surprise or lack of an opportunity to prepare a responsive defense (*see Kavanaugh v Kuchner*, 243 AD2d 445, 446 [1997]; *Skowronski v F & J Meat Packers*, 210 AD2d 392, 393 [1994]).

In light of our determination that errors in the charge and verdict sheet require a new trial on the issue of damages, we need not reach the plaintiff's remaining contention that the Supreme Court erred in setting aside the damages verdict as excessive and against the weight of the evidence. We note, however, that the reduced judgment entered upon the court's granting of the defendants' motion to set aside the damages verdict erroneously failed to take into account the parental guidance component of pecuniary loss. Further, it was procedurally improper for the Supreme Court to enter a judgment reduc-

ing the award of damages without granting a new trial on that issue unless the plaintiff stipulated to reduce the verdict (see *Zukowski v Gokhberg*, 31 AD3d 633, 634 [2006]; *McNeil v MCST Preferred Transp. Co.*, 301 AD2d 579, 580 [2003]; *Tri-State Aluminum Prods. v Paramount Macaroni Mfg. Co.*, 247 AD2d 606, 607 [1998]). Spolzino, J.P., Florio, Miller and Carni, JJ., concur.