TAMMY IGLESIAS, Individually and as Mother and Natural Guardian of TYLER MITSCHANG and Another, Infants, Respondent, v ANNE BROWN et al., Appellants, et al., Defendants. [872 NYS2d 830]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered May 15, 2008 in a personal injury action. The order, insofar as appealed from, denied the motion of defendants Anne Brown and Vincent Brown seeking to bifurcate the trial.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries sustained by her son when a dog bit him. At the time of the incident, plaintiff's son was at premises owned by Anne Brown and Vincent Brown (defendants) and leased to the two remaining defendants, who owned the dog. Contrary to defendants' contention, we conclude that Supreme Court properly denied their motion seeking to bifurcate the trial. Generally, issues of liability and damages in a negligence action are distinct and severable and should be tried separately. An exception to that general rule arises, however, where the injuries sustained "have 'an important bearing' on the issue of liability" (*Tate v Stevens*, 275 AD2d 1039, 1040 [2000], quoting *Parmar v Skinner*, 154 AD2d 444, 445 [1989]), and that exception is applicable here. Contrary to defendants' contention, "the nature, extent and gravity of the injuries sustained [by plaintiff's son] has an important bearing on the issue of liability insofar as it [is] relevant to the jury's assessment of the dog's propensities" (*Lynch v Nacewicz*, 126 AD2d 708, 709 [1987]; *see also Hernandez v Carter & Parr Mobile*, 224 AD2d 586, 587 [1996]). Present—Scudder, P.J., Hurlbutt, Peradotto and Gorski, JJ.