■ JOHN W. STAATS, Appellant, v WEGMANS FOOD MARKETS, INC., Respondent. [880 NYS2d 423]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered April 3, 2008 in a personal injury action. The order, following a collateral source hearing, granted defendant a collateral source offset against all of plaintiff's damages for future medical expenses.

It is hereby ordered that the order so appealed from is unanimously modified on the law by reducing the award of damages for future medical expenses by the amount of $41,379.39 and as modified the order is affirmed without costs.

Memorandum: Plaintiff sustained injuries upon falling from a height, and a jury awarded him damages that included $662,069 for future medical expenses over a period of 36 years, which is approximately $1,532.57 per month. Plaintiff contends on appeal that Supreme Court, following a collateral source hearing, erred in granting defendant a collateral source offset against all of his damages for future medical expenses upon determining that it was reasonably certain that those expenses would be paid by Canadian national health insurance. We conclude that the court properly determined that defendant was entitled to an offset against plaintiff's damages attributable to the 27-month period between the jury award and April 2007 inasmuch as plaintiff admitted that he was in fact reimbursed in full for his medical expenses during that period of time (*see Kastick v*

*U-Haul Co. of W. Mich.*, 292 AD2d 797, 798-799 [2002]). We conclude, however, that the court erred in granting defendant a further offset beyond that 27-month period, and we therefore modify the order accordingly. We agree with plaintiff that defendant failed to meet its burden of establishing "with reasonable certainty," i.e., by clear and convincing evidence, that plaintiff would remain entitled to the continued receipt of benefits from a collateral source (CPLR 4545 [c]; *see Kihl v Pfeffer*, 47 AD3d 154, 163-164 [2007]; *Kastick*, 292 AD2d at 798-799; *Caruso v LeFrois Bldrs.*, 217 AD2d 256, 258-259 [1995]). Plaintiff, the sole witness at the collateral source hearing, testified that he was no longer a resident of Canada and thus was not entitled to Canadian health care benefits, and he further testified that he did not intend to return to his status as a Canadian resident. Even assuming, arguendo, that plaintiff was not a credible witness, we note that defendant failed to present any evidence from which the court could have determined that plaintiff was reasonably certain to remain entitled to Canadian health care benefits for the duration of the period in which damages for future medical expenses were awarded (*see Kihl*, 47 AD3d at 165-167; *Ruby v Budget Rent A Car Corp.*, 23 AD3d 257 [2005], *lv denied* 6 NY3d 712 [2006]; *see generally Young v Tops Mkts.* [appeal No. 4], 283 AD2d 923, 926 [2001]). Present—Hurlbutt, J.P., Martoche, Centra, Pine and Gorski, JJ.