■ ARCADIO ESTEVEZ, as Administrator of the Estate of JUAN R. ESTEVEZ, Deceased, Appellant, v PHILIP W. TAM, Respondent. [49 NYS3d 167]—

In an action to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Bruno, J.), entered January 29, 2015, which denied his motion pursuant to CPLR 4404 (a), in effect, to set aside, as contrary to the weight of the evidence, and in the interest of

justice, so much of a jury verdict as awarded zero damages for loss of the decedent's parental guidance, and for a new trial on the issue of liability.

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that the jury verdict, which awarded zero damages for the loss of the decedent's parental guidance, was not against the weight of the evidence. "In a wrongful death action, an award of damages is limited to the fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought" (*Leger v Chasky*, 55 AD3d 564, 565 [2008] [internal quotation marks omitted]; *see Zygmunt v Berkowitz*, 301 AD2d 593, 594 [2003]). "In the case of a decedent who was not a wage earner, pecuniary injuries may be calculated, in part, from the increased expenditures required to continue the services she [or he] provided, as well as the compensable losses of a personal nature, such as loss of guidance" (*Gonzalez v New York City Hous. Auth.*, 77 NY2d 663, 668 [1991] [internal quotation marks omitted]). "The determination of pecuniary damages in a wrongful death action is peculiarly within the province of the jury" (*Facilla v New York City Health & Hosps. Corp.*, 221 AD2d 498, 499 [1995]). Here, we find that the evidence on the issue of the loss of the decedent's parental guidance did not so preponderate in favor of the plaintiff such that the verdict could not have been reached on any fair interpretation of the evidence (*see* CPLR 4404 [a]; *Hyung Kee Lee v New York Hosp. Queens*, 118 AD3d 750, 754 [2014]; *Hartman v Dermont*, 89 AD2d 807, 808 [1982]; *cf. Zygmunt v Berkowitz*, 301 AD2d at 594).

Contrary to the plaintiff's contention, the Supreme Court properly admitted into evidence a photograph of the intersection where the accident occurred taken by the defendant sometime after the accident (*see Corsi v Town of Bedford*, 58 AD3d 225, 228 [2008]; *cf. Niles v State of New York*, 201 AD2d 774, 777 [1994]; *Leven v Tallis Dept. Store*, 178 AD2d 466 [1991]). Further, the plaintiff's contention that the court erred by failing to instruct the jury on the limited use of the defendant's photograph is unpreserved for appellate review, since the plaintiff did not request such a charge, nor did he take exception to the charge as delivered (*see* CPLR 4110-b; *Rockowitz v Greenstein*, 11 AD3d 523, 524 [2004]; *Rossetti v Campanella*, 118 AD2d 552 [1986]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.