Luppino v Flannery (2020 NY Slip Op 04684)





Luppino v Flannery


2020 NY Slip Op 04684


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


466 CA 19-01074

[*1]JAMES LUPPINO, SUCCESSOR ADMINISTRATOR OF ESTATE OF MARIA. LUPPINO, DECEASED, PLAINTIFF-APPELLANT, V
v
JENNIFER G. FLANNERY, AS ADMINISTRATOR OF THE ESTATE OF WILLIAM E. O'BRIEN, M.D., DECEASED, ET AL., DEFENDANTS, AND CATHOLIC HEALTH SYSTEM DOING BUSINESS AS KENMORE MERCY HOSPITAL, DEFENDANT-RESPONDENT. 






PAUL WILLIAM BELTZ, P.C., BUFFALO (ANNE B. RIMMLER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), AND BARGNESI BRITT PLLC, FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered November 19, 2018. The order denied the motion of plaintiff for a new trial on the issue of damages. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this medical malpractice and wrongful death action, the jury returned a verdict that, inter alia, found Catholic Health System doing business as Kenmore Mercy Hospital (defendant) negligent and awarded no damages for pecuniary injury and $25,000 for pain and suffering. Plaintiff, as successor administrator of the estate of Maria V. Luppino (decedent), appeals from an order denying his posttrial motion pursuant to CPLR 4404 to set aside the jury verdict in part and for a new trial on damages only.
Plaintiff contends that the jury's verdict awarding no damages for pecuniary injury to decedent's husband and her adult children is against the weight of the evidence. Initially, contrary to defendant's assertion, we conclude that the absence of a full trial transcript "does not render[ ] meaningful appellate review impossible' " with respect to plaintiff's contention inasmuch as the record on appeal contains the relevant testimony regarding the purported pecuniary injuries (Eldridge v Shaw, 99 AD3d 1224, 1226 [4th Dept 2012]). We nevertheless conclude that plaintiff's contention lacks merit because "the evidence on the issue of [pecuniary] loss . . . did not so preponderate in favor of . . . plaintiff such that the verdict could not have been reached on any fair interpretation of the evidence" (Estevez v Tam, 148 AD3d 779, 780 [2d Dept 2017]; see also Kastick v U-Haul Co. of W. Mich., 292 AD2d 797, 799 [4th Dept 2002]; Hartman v Dermont, 89 AD2d 807, 808 [4th Dept 1982]).
Plaintiff further contends that the award for pain and suffering is inadequate in that it deviates materially from what would be reasonable compensation (see CPLR 5501 [c]). We agree with defendant, however, that the record on appeal is inadequate to enable our review of that contention. Where, as here, "a condition existing before the malpractice occurred may have contributed to the . . . injury, the [injured party] is not entitled to recover those damages that the preexisting condition would have caused in the absence of malpractice" (Oakes v Patel, 20 NY3d 633, 647 [2013]). Thus, to evaluate the issue raised by plaintiff, we must review the trial testimony and any relevant exhibits to determine the extent to which the evidence established [*2]that "the pain and suffering that [decedent] endured was not preventable" even with appropriate medical care (id.). The record on appeal, however, does not contain the full trial transcript or any relevant exhibits and, in particular, omits the testimony of certain medical experts for the defense (see Polyfusion Electronics, Inc. v AirSep Corp., 30 AD3d 984, 985 [4th Dept 2006]; see also JR Factors, Inc. v Astoria Equities, Inc., 159 AD3d 801, 801-802 [2d Dept 2018]; Bouchey v Claxton-Hepburn Med. Ctr., 117 AD3d 1216, 1216-1217 [3d Dept 2014]). We therefore conclude that plaintiff, "as the appellant, submitted this appeal on an incomplete record and must suffer the consequences' " (Polyfusion Electronics, Inc., 30 AD3d at 985).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court