Ross v Northeast Diversification, Inc. (2024 NY Slip Op 03989)

Ross v Northeast Diversification, Inc.

2024 NY Slip Op 03989

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

472 CA 23-01763

[*1]JOSEPH A. ROSS, PLAINTIFF-RESPONDENT,
v
NORTHEAST DIVERSIFICATION, INC., AND HAMBURG CENTRAL SCHOOL DISTRICT, DEFENDANTS-APPELLANTS. 

BURDEN & HANSEN, LLC, BUFFALO (SARAH E. HANSEN OF COUNSEL), FOR DEFENDANT-APPELLANT NORTHEAST DIVERSIFICATION, INC. 
WALSH ROBERTS & GRACE LLP, BUFFALO (ROBERT P. GOODWIN OF COUNSEL), FOR DEFENDANT-APPELLANT HAMBURG CENTRAL SCHOOL DISTRICT.
DOLCE PANEPINTO, P.C., BUFFALO (ANNE M. WHEELER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeals from an order of the Supreme Court, Erie County (Craig D. Hannah, J.), entered May 1, 2023. The order, insofar as appealed from, denied the motions of defendants to, inter alia, set aside a verdict. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he allegedly sustained while he was working as a concrete finisher on a project for which defendant Northeast Diversification, Inc. (Northeast) was hired as the general contractor to install concrete sidewalks and pavement at an elementary school owned by defendant Hamburg Central School District (Hamburg). While performing that work, plaintiff allegedly slipped and tripped on stone and fell into an 8-to-12-inch-deep trench that had been cut into the blacktop to allow the installation of a curb.
With respect to the relevant portions of the parties' previous motions, plaintiff moved for partial summary judgment on the issue of liability on his Labor Law § 240 (1) causes of action. Hamburg moved for summary judgment dismissing plaintiff's Labor Law §§ 200 and 240 (1) and common-law negligence causes of action against it and dismissing plaintiff's Labor Law § 241 (6) cause of action against it in part. Northeast moved for summary judgment dismissing plaintiff's complaint against it. Supreme Court issued an order that, as relevant here, granted that part of plaintiff's motion seeking summary judgment with respect to liability under Labor Law § 240 (1), granted those parts of Hamburg's motion seeking summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action against it, and otherwise denied defendants' motions insofar as they sought summary judgment dismissing the complaint.
While appeals from the summary judgment order were pending, the court conducted a damages-only trial, following which the jury returned a verdict awarding plaintiff certain damages. Defendants each filed a posttrial motion seeking, inter alia, an order pursuant to CPLR 4404 (a) setting aside the verdict on various grounds and granting a new trial. The court issued a posttrial order that, among other things, denied defendants' posttrial motions.
We resolved the pending appeals shortly thereafter (Ross v Northeast Diversification, Inc., 218 AD3d 1244 [4th Dept 2023]). We concluded, in relevant part, that the court erred in [*2]granting plaintiff's motion with respect to liability under Labor Law § 240 (1) and erred in denying those parts of defendants' motions seeking summary judgment dismissing the section 240 (1) causes of action (id. at 1245-1246). We reasoned that plaintiff's work involved only the demolition and restoration of a sidewalk and thus section 240 (1) was inapplicable (id. at 1246). We therefore modified the summary judgment order by denying plaintiff's motion in its entirety and granting those parts of defendants' motions for summary judgment dismissing the section 240 (1) causes of action (id.). We further modified the summary judgment order by granting those parts of defendants' motions for summary judgment dismissing the section 241 (6) causes of action insofar as they were based on the alleged violation of 12 NYCRR 23-1.7 (b) (1) (i), but we otherwise held that the court had properly denied defendants' motions with respect to plaintiff's section 241 (6) causes of action insofar as they were based on alleged violations of 12 NYCRR 23-1.7 (d) and (e) (2) and 12 NYCRR 23-2.1 (b) (id. at 1246-1247). Defendants now each appeal from the posttrial order, and we conclude that, although defendants are entitled to a trial on liability with respect to the remaining claims in light of our order in the prior appeals (see id. at 1244-1245), defendants are not entitled to a new trial on damages.
Defendants contend that, in light of our determination in the prior appeals that defendants are not liable under Labor Law § 240 (1), a new trial should be granted on damages to ensure that the damages award is not improperly clouded by the absolute liability imposed pursuant to section 240 (1). Although defendants' contentions in that respect do not require preservation, we conclude that, contrary to those contentions, defendants are not entitled to a new trial on damages based on our prior liability determination alone. "[I]t is well settled that an issue once correctly determined need not be tried again 'even though justice demands that another distinct issue, because erroneously determined, must . . . be passed on by a jury' " (Hogue v Wilson, 51 AD2d 424, 426 [4th Dept 1976]). Consequently, "where the circumstances of a particular case indicate that justice can only be done by a complete new trial, then such should be ordered; where, however, the error affects only the determination of some of the issues, then the court may [ ]try only those issues" (id. at 426-427; see generally CPLR 4404 [a]). Generally, issues of liability and damages in a negligence action "are distinct and severable and should be tried separately" (Iglesias v Brown, 59 AD3d 992, 993 [4th Dept 2009]; see 22 NYCRR 202.42 [a]).
Defendants further contend that a new trial on damages is warranted based on comments made by plaintiff's counsel that inextricably linked the issues of damages with liability. While the limited record on appeal reveals that plaintiff's counsel stated to the jury at the damages-only trial that defendants were absolutely liable for plaintiff's injuries, defendants conceded at oral argument on their appeals that the issue of the propriety and number of such remarks was not preserved for our review by an appropriate objection at any time during the trial (see generally Reed v Fraser, 52 AD3d 1323, 1323-1324 [4th Dept 2008], lv denied 11 NY3d 719 [2009]). It is well settled that "[a]n issue may not be raised for the first time on appeal where 'it could have been obviated or cured by factual showings or legal countersteps in the trial court' " (Harriger v State of New York, 207 AD3d 1045, 1046 [4th Dept 2022]). Further, even assuming, arguendo, that defendants' contentions regarding the comments made by plaintiff's counsel are preserved, we are unable to determine whether those contentions have merit based on the limited record before us. Where, as here, defendants, as appellants, "submitted this appeal on an incomplete record[, they] must suffer the consequences" (Capozzolo v Capozzolo, 208 AD3d 1624, 1625 [4th Dept 2022] [internal quotation marks omitted]; see Polyfusion Electronics, Inc. v AirSep Corp., 30 AD3d 984, 985 [4th Dept 2006]).
Defendants also contend that the damages award, inter alia, was excessively large and deviated materially from what would be reasonable compensation. Upon review of the limited record on appeal, however, we conclude that the record is incomplete for us to evaluate fully the propriety of the jury's damages awards (see generally Luppino v Flannery, 186 AD3d 1082, 1083 [4th Dept 2020]).
Finally, we reject defendants' contentions that the verdict should have been set aside because plaintiff belatedly disclosed various diagnoses and treatments. The new information disclosed just prior to trial related to the allegations in the bill of particulars, and defendants were not prejudiced by the late disclosure inasmuch as defendants' medical experts reviewed and testified as to that information at trial (see generally Connors v Sowa, 251 AD2d 989, 989 [4th Dept 1998]).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court