■ JOHN FERRA et al., Appellants-Respondents, v COUNTY OF WAYNE, Respondent and Third-Party Plaintiff-Appellant, et al., Defendant and Third-Party Plaintiff. THORNWOOD ENTERPRISES, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant.—Order insofar as appealed from unanimously reversed on the law without costs and plaintiffs'

motion granted. Memorandum: Special Term erred in denying plaintiffs' motion for partial summary judgment against defendant, County of Wayne. Plaintiff John Ferra was employed as a foreman for J & J Piping Corporation when he was seriously injured in a fall from a ladder while working on the construction of the Wayne County jail. The ladder had been placed by plaintiff on an uneven floor of rough graded dirt, partially covered with plywood. Plaintiff sued the defendant County of Wayne, the building's owner, for violating its statutory duty to furnish, place, and construct adequate safety equipment to protect workers on this construction site (Labor Law § 240 [1]). Because plaintiff's proof established that defendant owner violated Labor Law § 240 (1) and that this violation proximately caused plaintiff's injuries, absolute liability is imposed (*Zimmer v Chemung County Performing Arts,* 65 NY2d 513, *rearg denied* 65 NY2d 1054; *Heath v Soloff Constr.,* 107 AD2d 507). The availability of safety equipment on the jobsite does not relieve the owner from liability (*Zimmer v Chemung County Performing Arts, supra,* at 524; *Horvath v Niacet Corp.,* 115 AD2d 262; *Heath v Soloff Constr., supra,* at 512).

Since defendant County of Wayne failed to perfect its cross appeal, we deem it abandoned. (Appeals from order of Supreme Court, Wayne County, Siracuse, J.—summary judgment.) Present—Dillon, P. J., Boomer, Balio, Lawton and Davis, JJ.