■ MARK C. TESKA, Appellant, v CAMPERLINO & FATTI BUILDERS, INC., Respondent and Third-Party Plaintiff. COLONNESSE CONSTRUCTION CO., INC., Third-Party Defendant-Respondent.—Order insofar as appealed from unanimously reversed on the law with costs and motion granted. Memorandum: Supreme Court erred in denying plaintiff's motion for partial summary judgment on the issue of defendant's liability under Labor Law § 240 (1). Plaintiff sustained injuries while performing construction work at an elevated height. The accident was witnessed by Adrian Colonnesse, whose affidavit was submitted in opposition to plaintiff's motion. Colonnesse's averments fail to refute, or even address, plaintiff's showing that the extension ladder on which he was standing "gave way and closed" and "dropped out from under [him]", causing him to fall to the ground. Moreover, it is not disputed that the ladder fell to the ground as well *(cf., Landry v Di Sarro Constr. Co.,* 149 AD2d 859, *affd* 74 NY2d 940).

It is settled law that "the duty imposed by the statute is nondelegable and where a violation of that duty proximately causes injury to a member of the class for whose benefit the statute was enacted, the owner and general contractor are absolutely liable" *(Heath v Soloff Constr.,* 107 AD2d 507, 510; *see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 523-524, *rearg denied* 65 NY2d 1054).

Here, plaintiff established by evidence in admissible form that defendant, as owner and contractor, violated Labor Law § 240 (1) and that the violation was the proximate cause of plaintiff's injuries. Since defendant failed to present evidence raising an issue of fact, absolute liability must be imposed upon defendant *(see, Zimmer v Chemung County Performing Arts, supra; Klien v General Foods Corp.,* 148 AD2d 968; *Ferra v County of Wayne,* 147 AD2d 964; *Heath v Soloff Constr., supra).*

Accordingly, plaintiff's motion for summary judgment on the issue of defendant's liability under Labor Law § 240 (1) must be granted. It follows that the affirmative defenses raised in defendant's answer must be dismissed. (Appeal from order of Supreme Court, Cayuga County, Corning, J.—summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.