■ HUGH BRYAN et al., Appellants, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. LIGHTNING ELECTRICAL CONTRACTING CORP., Third-Party Defendant-Respondent. [614 NYS2d 554] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Bernstein, J.), dated January 11, 1992, which denied their motion for partial summary

judgment on the issue of liability pursuant to Labor Law § 240 (1).

Ordered that the order is reversed, on the law, with one bill of costs, and the plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) is granted.

In this case, the collapse of a ladder that was not braced or secured in any way was a prima facie violation of Labor Law § 240 (1) *(see, Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Urrea v Sedgwick Ave. Assocs.,* 191 AD2d 319; *Fernandez v MHP Land Assocs.,* 188 AD2d 417; *Place v Grand Union Co.,* 184 AD2d 817; *Bras v Atlas Constr. Corp.,* 166 AD2d 401; *Teska v Camperlino & Fatti Bldrs.,* 163 AD2d 868; *La Lima v Epstein,* 143 AD2d 886). The City failed to submit evidence in admissible form to rebut this prima facie showing *(see, Zuckerman v City of New York,* 49 NY2d 557).

We do not find that the facts surrounding this accident were within the exclusive knowledge of the plaintiffs. The City failed to show what steps it took to obtain a statement from the plaintiff Hugh Bryan's coworker, who was in the same room as Bryan at the time of the accident.

The City's contention that there was discovery pending at the time of the plaintiff's motion for partial summary judgment is insufficient to defeat the motion. Allegations of mere hope that the discovery will reveal something helpful to the City's case provide no basis for postponing the determination of the plaintiff's motion *(see, Plotkin v Franklin,* 179 AD2d 746). Bracken, J. P., Altman, Krausman and Goldstein, JJ., concur.