■ JOHN WEEDEN, Appellant, v FIRST NATIONAL BANK OF LONG ISLAND, Respondent. (And a Third-Party Action.) [642

NYS2d 52] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated March 31, 1995, as denied his motion for partial summary judgment against the defendant on the issue of liability pursuant to Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondent and the third-party defendant, and the plaintiff's motion for partial summary judgment against the defendant on the issue of liability pursuant to Labor Law § 240 (1) is granted.

The plaintiff made a prima facie showing of a violation of Labor Law § 240 (1) (*see, Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Bryan v City of New York,* 206 AD2d 448; *Urrea v Sedgwick Ave. Assocs.,* 191 AD2d 319). The defendant failed to submit evidence in admissible form to rebut this prima facie showing (*see, Zuckerman v City of New York,* 49 NY2d 557). The defendant's contention that it needs to conduct depositions of the third-party defendants is insufficient to defeat the motion. Allegations of mere hope that discovery will reveal something helpful to the defendant's case provide no basis for postponing the determination of the plaintiff's motion (*see, Bryan v City of New York, supra; Plotkin v Franklin,* 179 AD2d 746). O'Brien, J. P., Ritter, Pizzuto and Altman, JJ., concur.