■ ANDREW P. CURTIS, Respondent, v JOSEPH I. LOPEZ et al., Defendants, and WINTHROP UNIVERSITY HOSPITAL, Defendant and Third-Party Plaintiff-Respondent-Appellant. CHARLES STEWART, Third-Party Defendant-Appellant-Respondent. [697 NYS2d 327] —In an action to recover damages for medical malpractice, (1) the third-party defendant, Charles Stewart, appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated December 4, 1998, as denied his motion for summary judgment dismissing the third-party complaint, and (2) the defendant third-party plaintiff Winthrop University Hospital cross-appeals, as limited by its brief, from so much of the order as denied that branch of its cross motion which was for summary judgment dismissing the cause of action asserted against it based on its vicarious liability for the alleged malpractice of Charles Stewart.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, the motion of Charles Stewart is granted, that branch of the cross motion of Winthrop University Hospital which was for summary judgment dismissing the cause of action asserted against it based on the alleged malpractice of Charles Stewart is granted, the third-party complaint is dismissed, and the cause of action against Winthrop University Hospital based on its vicarious liability for the alleged malpractice of Charles Stewart is dismissed.

The third-party defendant, Charles Stewart, presented sufficient evidence to establish as a matter of law that the treatment he rendered to the plaintiff at Winthrop University Hospital (hereinafter the hospital) did not constitute malpractice. In response, the plaintiff failed to offer evidence sufficient to demonstrate the existence of triable issues of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). The plaintiff's mere hope that further discovery will reveal helpful information is insufficient to defeat the motion (*see, Weeden v First Natl. Bank,* 227 AD2d 398).

Since Stewart established his entitlement to summary judg-

ment dismissing the third-party complaint on the ground that his actions did not constitute malpractice, the complaint against the hospital should be dismissed insofar as it was based on the hospital's vicarious liability for Stewart's actions. Bracken, J. P., O'Brien, Sullivan and Goldstein, JJ., concur.