■ PUBLIC ADMINISTRATOR OF KINGS COUNTY, Respondent, v SARAFINO TOMASSETTI et al., Appellants. (And a Third-Party Action.) [706 NYS2d 350] —In an action to recover damages for wrongful death, the defendants Sarafino Tomassetti and Maria Tomassetti appeal from an order of the Supreme Court, Kings County (Steinhardt, J.), dated August 5, 1999, which granted the plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

The plaintiff's decedent sustained fatal injuries when an unsecured ladder upon which he was working collapsed beneath him. The decedent's co-worker heard the crash and found the decedent and the ladder on the floor, with three broken balusters from the wooden banister against which the ladder had been leaning.

The plaintiff established prima facie that the appellants violated their statutory duty pursuant to Labor Law § 240 (1), and that the violation was a proximate cause of the injuries (*see, Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Bryan v City of New York,* 206 AD2d 448; *Whalen v Sciame Constr. Co.,* 198 AD2d 501). The appellants failed to submit evidence in admissible form to rebut this prima facie showing (*see, Zuckerman v City of New York,* 49 NY2d 557, 560).

Contrary to the appellants' contention, the facts surrounding this accident were not within the exclusive knowledge of the plaintiff (*see, Masiello v Belcastro,* 237 AD2d 335; *Bryan v City of New York,* 206 AD2d 448, *supra; Bras v Atlas Constr. Corp.,* 166 AD2d 401; *Pritchard v Murray Walter, Inc.,* 157 AD2d 1012). Furthermore, the appellants' mere hope that further discovery will reveal something helpful to their case provides no basis for postponing the determination of the plaintiff's motion (*see, Bryan v City of New York, supra; Plotkin v Franklin,* 179 AD2d 746). Joy, J. P., Thompson, Goldstein and Feuerstein, JJ., concur.