■ DARRELL S. LEWIS et al., Respondents, v U.A. COLUMBIA CABLEVISION OF WESTCHESTER, INC., Appellant, et al., Defendants. [717 NYS2d 893] —In an action to recover damages for personal injuries, etc., the defendant U.A. Columbia Cablevision of Westchester, Inc., d/b/a T.C.I. Cable of Westchester, appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered January 29, 1999, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the plaintiffs' cross motion which was for leave to file a supplemental bill of particulars.

Ordered that the order is modified by deleting the provision thereof denying that branch of the appellant's motion which was for summary judgment dismissing the plaintiffs' cause of action under Labor Law § 241 (6) and substituting therefor a

provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly denied that branch of the appellant's motion which was for summary judgment dismissing the plaintiffs' cause of action under Labor Law § 240 (1). There are issues of fact regarding whether the ladder supplied to the injured plaintiff provided "proper protection" within the meaning of Labor Law § 240 (1), and whether the placement of the ladder was a proximate cause of the accident (see, Avendano v Sazerac, Inc., 248 AD2d 340; Basmas v J.B.J. Energy Corp., 232 AD2d 594; Romano v Hotel Carlyle Owners Corp., 226 AD2d 441, 442).

In support of their cause of action under Labor Law § 241 (6), the plaintiffs failed to properly plead a violation of a section of the Industrial Code that would permit recovery under the facts of this case. Thus, the Supreme Court should have granted summary judgment to the appellant dismissing the cause of action under Labor Law § 241 (6) (see, Comes v New York State Elec. & Gas Corp., 82 NY2d 876; McCole v City of New York, 221 AD2d 605, 606).

The appellant's remaining contention is without merit. Ritter, J. P., McGinity, H. Miller and Feuerstein, JJ., concur.