■ BRIAN DAVIDSON, Appellant, v E.Q.K. GREEN ACRES, LP, et al., Respondents. (And a Third-Party Action.) [749 NYS2d 47]

—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated May 28, 2002, which denied his motion for partial summary judgment on the issue of liability on his causes of action pursuant to Labor Law § 240 (1), § 241 (6), and § 241-a, without prejudice to renew upon completion of discovery.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff, a laborer, was employed by the general contractor on a project involving the construction of a new commercial building on property owned by the defendant E.Q.K. Green Acres, LP, and leased by the defendant Circuit City Stores, Inc. The plaintiff was injured when, as he and a coworker were hanging a plastic curtain wall along the edge of the mezzanine level of the building, he fell more than 19 feet through an uncovered elevator shaft. His motion for summary judgment on the issue of liability was supported by his affidavit, in which he stated, inter alia, that there were no safety devices on site to prevent his fall. He also submitted a sworn statement of a coworker who witnessed the accident, and records from the Occupational Safety and Health Administration. His proof further established that the uncovered, unguarded opening into which he fell violated 12 NYCRR 23-1.7 (b) (1), and Labor Law § 241-a.

The plaintiff made a prima facie showing of his entitlement to judgment as a matter of law on the issue of liability (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562). The defendants' opposition consisted merely of expressions of hope that discovery would reveal that they had a defense to the action. Thus, the Supreme Court erred in denying the motion with leave to renew upon completion of discovery (*see Public Adm'r of Kings County v Tomassetti,* 271 AD2d 515; *Bryan v City of New York,* 206 AD2d 448; *cf. Denkensohn v Davenport,* 130 AD2d 860, 861). Smith, J.P., McGinity, Luciano and Crane, JJ., concur.