■ ANTHONY TERSIGNI et al., Appellants, v CITY OF NEW YORK, Respondent. [752 NYS2d 74] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Flug, J.), dated November 23, 2001, which denied their motion for summary

judgment on the issue of liability on their causes of action pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

Where a plaintiff allegedly is injured from a fall from a ladder which is not shown to be defective as a matter of law, the issue of whether the ladder provided the plaintiff with the protection required under Labor Law § 240 (1) is a question of fact for the jury (see Chan v Bed Bath & Beyond, 284 AD2d 290; Moreta v State of New York, 272 AD2d 593; Benefield v Halmar Corp., 264 AD2d 794). Here, the plaintiffs adduced proof that the ladder upon which the plaintiff Anthony Tersigni (hereinafter Tersigni) was working "broke in half," and that he fell and was injured as a result. However, the defendant adduced an affidavit from a coworker of Tersigni who averred that the ladder was not defective, and that both he and Tersigni used the same ladder to climb out of their below-grade work site after the incident. In light of these factually irreconcilable accounts on the issue of causation, the Supreme Court correctly denied the plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) (see De Oliveira v Little John's Moving, 289 AD2d 108; Lewis v U.A. Columbia Cablevision of Westchester, 277 AD2d 357). S. Miller, J.P., Krausman, Luciano and Cozier, JJ., concur.