■ MAREK BOGUSZEWSKI, Respondent, v SOLO SALON AND SPA et al., Appellants. [765 NYS2d 804] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated March 14, 2003, which granted the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

In order to establish prima facie entitlement to judgment as a matter of law on a cause of action pursuant to Labor Law § 240 (1), a plaintiff must provide evidence that the statute was violated and that the violation was the proximate cause of

his or her injuries (*see Peter v Nisseli Realty Co.,* 300 AD2d 289 [2002];*Wagner v Skanska Constr. Co.,* 289 AD2d 324, 325 [2001]). If a reasonable factfinder could conclude that the plaintiff's own actions were the sole proximate cause of his or her injuries, the plaintiff is not entitled to summary judgment on the issue of liability (*see Weininger v Hagedorn & Co.,* 91 NY2d 958, 960 [1998]). Here, issues of fact exist regarding the manner in which the plaintiff fell from the ladder, due in part to his inconsistent deposition testimony with respect to the events leading up to the fall, and his inability to recall the fall, precluding a determination that the plaintiff is entitled to judgment as a matter of law. Accordingly, the plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action should have been denied (*id.*; *Costello v Hapco Realty,* 305 AD2d 445 [2003]; *Cuddon v Olympic Bd. of Mgrs.,* 300 AD2d 616 [2002]; *Jiron v China Buddhist Assn.,* 266 AD2d 347 [1999]). Prudenti, P.J., Smith, Friedmann and H. Miller, JJ., concur.