■ EIHAB HANNA, Respondent, v ERIC D. GELLMAN, Defendant, and MAJESTIC J.G.M.R.B., INC., et al., Appellants. [815 NYS2d 713]—

In an action to recover damages for personal injuries, the defendants Majestic J.G.M.R.B., Inc., and Wayne Smith appeal from (1) an order of the Supreme Court, Nassau County (Jonas, J.), dated June 8, 2005, which granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action based on a violation of Labor Law § 240 (1) insofar as asserted against them, and (2) an order of the same court also dated June 8, 2005, which denied, in effect, as academic, their motion, inter alia, to compel compliance with a nonjudicial subpoena.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff, a plumber, was injured when installing pipes for a new bathroom; the defendants Majestic J.G.M.R.B., Inc., and Wayne Smith (hereinafter the defendants) were general contractors for the work. According to the plaintiff's deposition

testimony, he was standing on a ladder and working on pipes directly overhead, not leaning to either side, when the ladder tipped over. Under these circumstances, a presumption arises that the ladder was not properly secured (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 289 n 8 [2003]; *Smith v Pergament Enters. of S.I.,* 271 AD2d 870, 871-872 [2000].)

There was also evidence that the plaintiff fell while standing on a spackle bucket and not a ladder. Smith testified at his deposition, however, that he did not provide ladders, or any equipment, to the plumbers. Under this view of the facts, the plaintiff argued that the defendants' failure to provide safety equipment was itself a violation of Labor Law § 240 (1). The Supreme Court held that under either factual scenario, the defendants were liable, and it granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action based on a violation of Labor Law § 240 (1) insofar as asserted against the defendants.

Because the plaintiff presented prima facie evidence demonstrating his entitlement to judgment as a matter of law and, in opposition, the defendants failed to raise a triable issue of fact, the Supreme Court properly granted the plaintiff's motion (*see Gardner v New York City Tr. Auth.,* 282 AD2d 430, 431 [2001]). The defendants' contention that the plaintiff's alleged decision to use a spackle bucket, despite the availability of a ladder, was the sole proximate cause of the accident (*see Robinson v East Med. Ctr., LP,* 6 NY3d 550 [2006]; *Montgomery v Federal Express Corp.,* 4 NY3d 805, 806 [2005]) is improperly raised for the first time on appeal and, therefore, we do not consider it.

In light of the foregoing, the Supreme Court correctly denied the defendants' motion to compel compliance with a nonjudicial subpoena, in effect, as academic Crane, J.P., Goldstein, Luciano and Dillon, JJ., concur.