JAN SALON, Respondent, v MILLINERY SYNDICATE, INC., et al., Appellants. [850 NYS2d 566]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated November 29, 2006, which granted the plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action.

Ordered that the order is affirmed, with costs.

The defendants Millinery Syndicate, Inc., and Steinberg & Poloik Management Corp. are the owner and manager, respectively, of a building located on West 39th Street in Manhattan. While performing painting work in the defendants' building, the plaintiff was injured when the unsecured ladder upon which he was standing shifted and it fell to the floor. Under these circumstances, the plaintiff established, prima face, that the defendants violated their statutory duty pursuant to Labor Law § 240 (1), and that the violation was a proximate cause of the plaintiff's injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]; *Hanna v Gellman*, 29 AD3d 953 [2006]; *Loreto v 376 St. Johns Condominium, Inc.*, 15 AD3d 454 [2005]; *Bryan v City of New York*, 206 AD2d 448 [1994]). In opposition, the defendants failed to raise a triable issue of fact as to whether there was a statutory violation, or whether the plaintiff's own acts or omissions were the sole cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action (*see Loreto v 376 St. Johns Condominium, Inc.*, 15 AD3d 454 [2005]; *Mannes v Kamber Mgt.*, 284 AD2d 310 [2001]).

Furthermore, the defendants' "mere hope that further discovery will reveal something helpful to their case provides no basis for postponing the determination of the plaintiff's motion" (*Public Adm'r of Kings County v Tomassetti*, 271 AD2d 515 [2000]; *see Lopez v WS Distrib., Inc.*, 34 AD3d 759 [2006]). Skelos, J.P., Santucci, Lifson and Carni, JJ., concur.