■ JOSE REYES, Appellant-Respondent, v CAMILLE KHAN, Respondent-Appellant. [934 NYS2d 328]—

In support of his motion for summary judgment on the issue of liability on his cause of action alleging a violation of Labor Law § 240 (1), the plaintiff submitted evidence suggesting that a proximate cause of his accident may have been the placement of the subject ladder on a loose soil surface and/or the failure to adequately secure the ladder in view of the rigorous nature of the work he was performing. Conversely, the defendant produced evidence indicating that the ladder was not defective and afforded proper protection for the task assigned to the plaintiff, and that the plaintiff's own performance of the work in an unnecessarily dangerous and improper manner may have been the sole proximate cause of the accident. Given the triable issues of fact raised by these competing submissions, the Supreme Court properly denied the plaintiff's motion for summary judgment on his cause of action alleging a violation of Labor Law § 240 (1), and properly denied that branch of the defendant's cross motion which was for summary judgment dismissing that cause of action (*see Canosa v Holy Name of Mary R.C. Church*, 83 AD3d 635, 637 [2011]; *Bin Gu v Palm Beach Tan, Inc.*, 81 AD3d 867 [2011]; *Santiago v Fred-Doug 117, L.L.C.*, 68 AD3d 555, 556 [2009]; *Canino v Electronic Tech. Co.*, 28 AD3d 932, 933-934 [2006]; *Boguszewski v Solo Salon &*

*Spa*, 309 AD2d 777 [2003]). Mastro, A.P.J., Chambers, Austin and Miller, JJ., concur.