■ Royston Robinson et al., Appellants, v Goldman Sachs Headquarters, LLC, et al., Respondents. [944 NYS2d 630]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated June 15, 2011, which denied their motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

"In order to prevail on a Labor Law § 240 (1) cause of action, [a] plaintiff must establish that the statute was violated and that the violation was a proximate cause of his [or her] injuries" (*Delahaye v Saint Anns School*, 40 AD3d 679, 682 [2007]; *see Berg v Albany Ladder Co., Inc.*, 10 NY3d 902, 904 [2008]; *Robinson v East Med. Ctr., LP*, 6 NY3d 550 [2006]). Although the "mere fact that a plaintiff fell from a ladder does not, in and of itself, establish" a violation of the statute (*Delahaye v Saint Anns School*, 40 AD3d at 682; *see Costello v Hapco Realty*, 305 AD2d 445, 447 [2003]), a plaintiff may establish his or her prima facie entitlement to judgment as a matter of law on a Labor Law § 240 (1) cause of action by showing both that he or she fell from a defective or unsecured ladder, and that the defect or failure to secure the ladder was a proximate cause of his or her injuries (*see Melchor v Singh*, 90 AD3d 866, 868 [2011]; *Gilhooly v Dormitory Auth. of State of N.Y.*, 51 AD3d 719, 720 [2008]; *Ricciardi v Bernard Janowitz Constr. Corp.*, 49 AD3d 624, 625 [2008]).

Here, the plaintiff Royston Robinson (hereinafter Robinson), a sheet metal worker, was injured when he fell approximately five feet from an unsecured, eight-foot, wooden A-frame ladder. The plaintiffs established their prima facie entitlement to judgment as a matter of law on the Labor Law § 240 (1) cause of action by submitting a transcript of the deposition testimony of Robinson, the sole witness to the accident, in which he asserted that his fall from the ladder occurred when one of its front feet "popped out" or "kicked out," the foot of the ladder began "walking the floor," and the ladder fell over (*see Gilhooly v Dormitory Auth. of State of N.Y.*, 51 AD3d at 720; *Ricciardi v Bernard Janowitz Constr. Corp.*, 49 AD3d at 625; *Salon v Millinery Syndicate, Inc.*, 47 AD3d 914, 915 [2008]; *Boe v Gammarati*, 26 AD3d 351, 352 [2006]; *Granillo v Donna Karen Co.*, 17 AD3d 531, 531 [2005]).

In opposition, however, the defendants raised a triable issue of fact as to whether the foot of the ladder simply kicked out and the ladder fell over, as Robinson testified, or whether Robinson's own carelessness or the manner in which he used

the ladder was the sole proximate cause of his fall (*see Destefano v City of New York*, 39 AD3d 581, 582 [2007]; *Bahrman v Holtsville Fire Dist.*, 270 AD2d 438, 439 [2000]; *cf. Gilhooly v Dormitory Auth. of State of N.Y.*, 51 AD3d at 720; *Ricciardi v Bernard Janowitz Constr. Corp.*, 49 AD3d at 625; *Salon v Millinery Syndicate, Inc.*, 47 AD3d at 915). The defendants offered an accident report indicating that Robinson had previously stated, within two days after the accident, that he lost his footing or balance and fell off the ladder. That accident report did not indicate that the foot of the ladder kicked out, that the ladder "walked the floor," or that the ladder fell over, as Robinson later testified at his deposition. The defendants also offered two additional accident reports indicating that, on the day of the accident, Robinson stated that he fell off the ladder but did not mention that the foot of the ladder kicked out or the ladder fell over. Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) (*see Artoglou v Gene Scappy Realty Corp.*, 57 AD3d 460, 461 [2008]; *see also Delahaye v Saint Anns School*, 40 AD3d at 682-683; *Costello v Hapco Realty*, 305 AD2d at 447; *cf. Melchor v Singh*, 90 AD3d at 868-869; *LaGiudice v Sleepy's Inc.*, 67 AD3d 969, 971 [2009]; *Barr v 157 5 Ave., LLC*, 60 AD3d 796, 797 [2009]). Dillon, J.P., Eng, Belen and Sgroi, JJ., concur.