In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated November 9, 2001, as granted the plaintiffs motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiffs motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) is denied.
The plaintiff allegedly sustained personal injuries when he fell from a ladder while working on an asbestos-removal project in a New York City public school. The Supreme Court erred in granting the plaintiffs motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). “To impose liability pursuant to Labor Law § 240 (1), there must be a violation of the statute and that violation must be a proximate cause of the plaintiffs injuries” (Tama v Gargiulo Bros., Inc., 61 AD3d 958, 960 [2009]; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]). “Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240 (1)” (Treu v Cappelletti, 71 AD3d 994, 997 [2010]).
In support of his motion for summary judgment, the plaintiff submitted a copy of the transcript of his testimony at a hearing pursuant to General Municipal Law § 50-h. At that hearing he testified that the 10-foot A-frame ladder from which he fell was in an open and locked position at the time of the accident, and that it was positioned on an uneven floor composed of broken concrete and sand or dirt. He testified that he was standing near the top of the ladder and was leaning forward to apply a plastic covering to the wall when the ladder suddenly moved *725 and he fell forward with the ladder to the floor. However, the plaintiff admitted that he himself had placed the ladder, and that he had no problems using it prior to the accident. The plaintiff also submitted an affidavit from a co-worker who also averred that the ladder was in an open position at the time of the accident. However, the plaintiff also submitted an incident report and unsworn statements of the co-worker and the plaintiffs supervisor in which they indicated that at the time of the accident the ladder was in a closed position propped up against the wall. In light of these factually irreconcilable accounts, the plaintiff failed to eliminate triable issues of fact as to whether the ladder provided proper protection, and whether the ladder’s failure to provide proper protection was a proximate cause of the injuries (see Reyes v Khan, 90 AD3d 734 [2011]; Delahaye v Saint Anns School, 40 AD3d 679, 682 [2007]; Seepersaud v City of New York, 38 AD3d 753, 754 [2007]; Taglioni v Harbor Cove Assoc., 308 AD2d 441, 442 [2003]; Tersigni v City of New York, 300 AD2d 389, 390 [2002]; Chan v Bed Bath & Beyond, 284 AD2d 290 [2001]; Boguszewski v Solo Salon & Spa, 309 AD2d 777, 778 [2003]; Costello v Hapco Realty, 305 AD2d 445, 446 [2003]).
Since the plaintiff did not establish his prima facie entitlement to judgment as a matter of law, the motion should have been denied without regard to the sufficiency of the defendants’ opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Florio, J.E, Dickerson, Sgroi and Miller, JJ., concur.