In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Fusco, J.), dated March 15, 2012, which denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).
Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The plaintiff allegedly sustained personal injuries when he fell from an A-frame ladder while working on the installation of a sprinkler system during the renovation of a building. The plaintiff subsequently commenced the instant action to recover damages for personal injuries, alleging, inter alia, a violation of Labor Law § 240 (1). The plaintiff then moved for summary judgment on the issue of liability on that cause of action, and the Supreme Court denied the plaintiffs motion.
“Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites” (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374 [2011]; see Norero v 99-105 Third Ave. Realty, LLC, 96 AD3d 727, 727-728 [2012]). “ ‘To impose liability pursuant to Labor Law § 240 (1), there must be a violation of the statute and that violation must be a proximate cause of the plaintiffs injuries’ ” (Nunez v City of New York, 100 AD3d 724, 724 [2012], quoting Tama v Gargiulo Bros., Inc., 61 AD3d 958, 960 [2009]; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]). “[W]here a plaintiffs own actions are *769 the sole proximate cause of the accident, there can be no liability” (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 290).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) by submitting evidence which demonstrated that he fell from the ladder when it “kicked out” from underneath him, and that the failure to provide him with an adequate safety device proximately caused his injuries (see Gordon v Eastern Ry. Supply, 82 NY2d 555, 561-562 [1993]; Robinson v Goldman Sachs Headquarters, LLC, 95 AD3d 1096, 1097 [2012]; Reaber v Connequot Cent. School Dist. No. 7, 57 AD3d 640, 641 [2008]; Gilhooly v Dormitory Auth. of State of N.Y., 51 AD3d 719, 720 [2008]). In opposition, however, the defendants raised a triable issue of fact as to the manner in which the accident occurred (see Kamolov v BIA Group, LLC, 79 AD3d 1101 [2010]), and whether the plaintiffs own actions were the sole proximate cause of the accident (see Allan v DHL Express [USA], Inc., 99 AD3d 828, 833 [2012]; Robinson v Goldman Sachs Headquarters, LLC, 95 AD3d at 1097-1098). Accordingly, the Supreme Court properly denied the plaintiffs motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). Rivera, J.P., Hall, Roman and Miller, JJ., concur.