Appeals from (1) an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated December 10, 2015, (2) a judgment of that court dated December 10, 2015, and (3) a judgment of that court dated February 9, 2016. The order, insofar as appealed from, denied those branches of the plaintiff’s motion which were to set aside so much of a special jury verdict as determined that the defendant Zdeno Jadron was not employed by an independent contractor of the defendant All In One Roofing, LLC, to the extent that such determination related to the defendant All In One Roofing, LLC, the defendants McAlpine Construction Company, Inc., 10 Leonard Street, LLC, and 10 Boulevard, LLC, and the defendant Zdeno Jadron, and for judgment as a matter of law as against each of those defendants. The judgment dated December 10, 2015, inter alia, declared that the plaintiff owes liability insurance coverage to the defendant All In One Roofing, LLC, under a commercial general liability policy, in relation to the claims made against that defendant in an underlying action, and that such coverage is applicable to the claims of the defendant Zdeno Jadron against the defendant All In One Roofing, LLC, in the underlying action. The judgment dated February 9, 2016, inter alia, declared that the plaintiff owes liability insurance coverage to the defendants McAlpine Construction Company, Inc., 10 Leonard Street, LLC, and 10 Boulevard, LLC, and that such coverage is applicable to the claims of the defendant Zdeno Jadron against those three defendants in the underlying action.
 

 Ordered that the appeal from the order dated December 10, 2015, is dismissed; and it is further,
 

 Ordered that the judgments are affirmed; and it is further,
 

 Ordered that one bill of costs is awarded to the defendant Zdeno Jadron.
 

 The defendant All In One Roofing, LLC (hereinafter All In One), entered into a contract with the defendant McAlpine Construction Company, Inc. (hereinafter McAlpine), to install a roof on a building located on real property owned by the defendants 10 Leonard Street, LLC (hereinafter Leonard Street), and 10 Boulevard, LLC (hereinafter Boulevard). All In One, in turn, entered into a contract with nonparty Vasyl Berezhanskyy to install the roof. The defendant Zdeno Jadron was hired by Berezhanskyy to work on the project. While he was performing work on the roof, Jadron allegedly fell to the ground and was injured.
 

 Jadron commenced an action in the Supreme Court, Suffolk County, under index No. 46311/10 (hereinafter the underlying action) against All In One, McAlpine, Leonard Street, and Boulevard, to recover damages for personal injuries. All In One thereafter requested that the plaintiff defend and indemnify it in the underlying action pursuant to a commercial general liability policy. The plaintiff disclaimed coverage based on two policy exclusions, one for bodily injury to an employee of an “independent contractor” while such employee “is working on behalf of any insured,” and another for bodily injury arising out of the acts, omissions, or negligence of any “independent contractor while working on behalf of any insured.” The plaintiff asserted that Berezhanskyy was an independent contractor and his acts, omissions, and/or negligence caused Jadron’s injuries.
 

 The plaintiff then commenced this action for, inter alia, a judgment declaring that it is not obligated to defend or indemnify All In One in the underlying action. After certain of the defendants interposed responsive pleadings, the plaintiff moved for leave to enter a default judgment against All In One declaring that it is not obligated to defend or indemnify All In One in the underlying action, and summary judgment against Jadron, McAlpine, Leonard Street, and Boulevard declaring that it is not obligated to defend or indemnify All In One in the underlying action and dismissing Jadron’s counterclaims for a declaration that it is so obligated. In an amended order entered December 23, 2013, the Supreme Court denied the plaintiff’s motion.
 

 The action proceeded to a jury trial. The jury ultimately returned a special verdict finding that Berezhanskyy was not an independent contractor of All In One. After the jury returned its special verdict, the plaintiff moved pursuant to CPLR 4404 (a) to set aside the special verdict and for a judgment in its favor as a matter of law. In an order dated December 10, 2015, the Supreme Court, inter alia, denied that motion.
 

 In a judgment dated December 10, 2015, the Supreme Court, among other things, declared that the plaintiff owes liability insurance coverage to All In One under commercial general liability policy number CCP 666529 in relation to the claims made against it in the underlying action, and that such coverage is applicable to the claims of Jadron which were made against All In One in the underlying action. In a judgment dated February 9, 2016, the court, inter alia, declared that the plaintiff owes liability insurance coverage to McAlpine, Leonard Street, and Boulevard, and that such coverage is applicable to the claims of Jadron which were made against Mc-Alpine, Leonard Street, and Boulevard in the underlying action. The plaintiff appeals.
 

 The appeal from the order dated December 10, 2015, must be dismissed, as the right of direct appeal therefrom terminated with the entry of the respective judgments dated December 10, 2015, and February 9, 2016 (see Matter of Aho, 39 NY2d 241, 248 [1976]). The appeal from the judgment dated December 10, 2015, brings up for review the issues raised on the appeal from so much of the amended order entered December 23, 2013, as denied that branch of the plaintiff’s motion which was for leave to enter a default judgment against All In One, declaring that the plaintiff is not obligated to defend or indemnify it in the underlying action. The appeal from the judgment dated February 9, 2016, brings up for review the issues raised on the appeal from so much of the amended order entered December 23, 2013, as denied those branches of the plaintiff’s motion which were for summary judgment against McAlpine, Leonard Street, and Boulevard, declaring that the plaintiff is not obligated to defend or indemnify All In One in the underlying action. The appeals from the judgments dated December 10, 2015, and February 9, 2016, bring up for review the issues raised on the appeal from so much of the amended order entered December 23, 2013, as denied that branch of the plaintiff’s motion which was for summary judgment against Jadron, declaring that the plaintiff is not obligated to defend or indemnify All In One in the underlying action and dismissing Jadron’s counterclaims for a declaration that it is so obligated.
 

 “Exclusions to coverage must be strictly construed and read narrowly, with any ambiguity construed against the insurer” (Lancer Indent. Co. v JKH Realty Group, LLC, 127 AD3d 1032, 1034 [2015]; see Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006]; Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 383 [2003]; Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [1984]). “To negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case” (Congregation Beth Shalom of Kingsbay v Yaakov, 130 AD3d 769, 770 [2015] [internal quotation marks and brackets omitted]; see Belt Painting Corp. v TIG Ins. Co., 100 NY2d at 383; Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 652 [1993]).
 

 Here, in support of its motion for summary judgment, the plaintiff failed to demonstrate, prima facie, that the policy exclusion for bodily injury to an employee of an “independent contractor” while such employee “is working on behalf of any insured,” or the policy exclusion for bodily injury arising out of the acts, omissions, or negligence of any “independent contractor while working on behalf of any insured,” apply to defeat coverage of All In One for the instant loss (see CPLR 3215 [f]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; cf. Outlook Realty, LLC v U.S. Underwriters Ins. Co., 66 AD3d 852, 853 [2009]; Metropolitan Heat & Power Co., Inc. v AIG Claims Servs., Inc., 47 AD3d 621, 622 [2008]). Accordingly, the Supreme Court properly denied that branch of the plaintiff’s motion which was for summary judgment against Jadron, Mc-Alpine, Leonard Street, and Boulevard, declaring that it is not obligated to defend or indemnify All In One in the underlying action and dismissing Jadron’s counterclaims for a declaration that it is so obligated. Furthermore, since the plaintiff failed to establish its entitlement to judgment on the issue of liability against All In One by demonstrating, inter alia, the facts constituting the claim against it (cf. Vidal v 452 Wyckoff Corp., 131 AD3d 600, 600-601 [2015]), the court properly denied that branch of the plaintiff’s motion which was for leave to enter a default judgment against All In One, declaring that it is not obligated to defend or indemnify All In One in the underlying action.
 

 The Supreme Court also properly denied the plaintiff’s motion pursuant to CPLR 4404 (a) to set aside the special verdict and for a judgment in its favor as a matter of law. Pursuant to CPLR 4401, a party may move for judgment as a matter of law on a cause of action or issue during trial, after the close of the evidence presented by an opposing party regarding that cause of action or issue. Similarly, pursuant to CPLR 4404 (a), a party may move after trial for the court to set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of the moving party on the ground that it is entitled to such judgment as a matter of law. “A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party” (Santos v Deanco Servs., Inc., 142 AD3d 137, 143-144 [2016] [internal quotation marks omitted]; see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Hernandez v Pappco Holding Co., Ltd., 136 AD3d 981, 983 [2016]).
 

 Here, based on the evidence presented, there was a valid line of reasoning and permissible inferences which could have led a rational jury to conclude that Berezhanskyy was not an independent contractor. Indeed, as noted by the Supreme Court, Berezhanskyy and Edmond Warchick, the principal of All In One, appeared to agree that there were aspects of the job that were not under Berezhanskyy’s control, including the type of roof to be installed, the number of screws and plates used in the installation of certain aspects of the roof, the date the work was supposed to start, and, finally, when a second roof was discovered by Berezhanskyy after he commenced work under the contract, what to do with the second roof. As such, the jury could have reasonably concluded that Berezhanskyy was not solely responsible for the methods and means of the job and that he was not “free from the control and direction of the person for whom the services are being performed.” Accordingly, the court properly denied the plaintiff’s motion pursuant to CPLR 4404 (a) to set aside the special verdict and for a judgment in its favor as a matter of law.
 

 The plaintiff’s contention regarding the propriety of the jury instruction is unpreserved for appellate review (see CPLR 4110-b; Estevez v Tam, 148 AD3d 779 [2017]). While the plaintiff did object to one small aspect of the charge, it did not argue, as it now does on appeal, that the use of the factors outlined in the Pattern Jury Instruction was wholly improper and caused juror confusion. Indeed, the plaintiff’s attorney noted during the charge conference that he believed that the use of Pattern Jury Instruction 2:55 was “generally correct.”
 

 The plaintiff’s final contention, that it was improperly precluded by the Supreme Court from calling an expert witness, is without merit. “[T]he admissibility of expert testimony on a particular point is addressed to the discretion of the trial court. The guiding principle is that expert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror” (De Long v County of Erie, 60 NY2d 296, 307 [1983] [citations omitted]; see Matter of Nicole V., 71 NY2d 112, 121 [1987]). Here, the court providently exercised its discretion in precluding the plaintiff from calling an expert to testify with respect to the meaning of the term “independent contractor,” given that the court would be instructing the jury as to the legal definition of that term and asking the jury to determine whether Berezhanskyy was or was not an independent contractor. As such, the expert testimony proffered by the plaintiff was unnecessary.
 

 Balkin, J.R, Chambers, Miller and Hinds-Radix, JJ., concur.
 

 Motion by the respondent Zdeno Jadron to strike the appellant’s brief on appeals from an order of the Supreme Court, Westchester County, dated December 10, 2015, and two judgments of the same court dated December 10, 2015, and February 9, 2016, respectively, on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated October 14, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
 

 Upon the papers filed in support of the motion, and the papers filed in opposition thereto, and upon the argument of the appeals, it is
 

 Ordered that the motion to strike the appellant’s brief is denied.