Loretta v Split Dev. Corp. (2019 NY Slip Op 00265)





Loretta v Split Dev. Corp.


2019 NY Slip Op 00265


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-10528
 (Index No. 62670/13)

[*1]Vincent Loretta, et al., appellants, 
v
Split Development Corp., respondent.


Ronald K. Friedman, Esq., PLLC, Fishkill, NY (Thomas Torto of counsel), for appellants.
McMahon & McCarthy, Bronx, NY (Matthew J. McMahon of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Lester A. Adler, J.), dated September 9, 2016. The judgment, upon a jury verdict in favor of the defendant on the issue of liability, and upon the denial of the plaintiffs' motion pursuant to CPLR 4404(a) to set aside the verdict, is in favor of the defendant and against the plaintiffs dismissing the fourth amended complaint.
ORDERED that the judgment is affirmed, with costs.
In 2012, the plaintiff Vincent Loretta was installing plumbing waste pipes in the garage of a single-family home that was being constructed by the defendant Split Development Corp. Loretta alleges that he fell from a 10-foot A-frame ladder while he was attempting to insert a vertical pipe into the elbow of a horizontal pipe that he had previously installed in the garage's 13-foot-high ceiling. Loretta, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries Loretta allegedly sustained in the accident.
The plaintiffs moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The defendant cross-moved for summary judgment dismissing the fourth amended complaint. The Supreme Court denied the motion and the cross motion on the ground that there remained triable issues of fact. After a trial on the issue of liability, the jury returned a verdict finding that the ladder furnished to Loretta was adequate to protect him from the hazards inherent in the performance of the plumbing work he was undertaking at the time of his accident. The plaintiffs moved pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. The court denied the plaintiffs' motion and subsequently entered a judgment dismissing the fourth amended complaint. The plaintiffs appeal.
The plaintiffs argue that the Supreme Court should have granted their motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). " Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a [*2]nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites'" (Corchado v 5030 Broadway Props., LLC, 103 AD3d 768, 768, quoting McCarthy v Turner Constr., Inc., 17 NY3d 369, 374). "To impose liability pursuant to Labor Law § 240(1), there must be a violation of the statute and that violation must be a proximate cause of the plaintiff's injuries" (Nunez v City of New York, 100 AD3d 724, 724 [internal quotation marks omitted]). "Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240(1)" (Treu v Cappelletti, 71 AD3d 994, 997; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 288). Accordingly, a "fall from a scaffold or ladder, in and of itself," does not result "in an award of damages to the injured party" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 288).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) by submitting evidence that the ladder toppled over as Loretta was pushing and twisting the vertical pipe into the elbow of the horizontal pipe, and that the failure to provide Loretta with an adequate safety device proximately caused his injuries (see Corchado v 5030 Broadway Props., LLC, 103 AD3d at 769; Robinson v Goldman Sachs Headquarters, LLC, 95 AD3d 1096, 1097). However, in opposition, the defendant raised triable issues of fact regarding the manner in which the accident occurred (see Corchado v 5030 Broadway Props., LLC, 103 AD3d at 769; Robinson v Goldman Sachs Headquarters, LLC, 95 AD3d at 1097-1098). Accordingly, we agree with the Supreme Court's determination to deny the plaintiffs' motion for summary judgment, as there were triable issues of fact regarding whether the ladder provided adequate protection to Loretta and, if not, whether the ladder's failure to provide adequate protection was a proximate cause of Loretta's injuries (see Esquivel v 2707 Creston Realty, LLC, 149 AD3d 1040, 1041; Daley v 250 Park Ave., LLC, 126 AD3d 747, 749; Nunez v City of New York, 100 AD3d at 725).
The plaintiffs further argue that the Supreme Court erred in denying that branch of their motion pursuant to CPLR 4404(a) which was to set aside the verdict and for judgment as a matter of law because there was no evidence from which the jury could rationally conclude that the ladder furnished to Loretta was adequate to protect him from the hazards inherent in the plumbing work he was performing at the time of his accident. Alternatively, the plaintiffs contend that the court should have granted that branch of their motion which was to set aside the verdict as contrary to the weight of the evidence and for a new trial.
The "setting aside of a jury verdict as a matter of law and the setting aside of a jury verdict as contrary to the weight of the evidence involve two inquiries and two different standards" (Ramirez v Mezzacappa, 121 AD3d 770, 772; see Cohen v Hallmark Cards, 45 NY2d 493, 498). A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law "will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (Frank v Gengler, 151 AD3d 696, 697; see Century Sur. Co. v All In One Roofing, LLC, 154 AD3d 803, 807). A jury verdict should not be set aside as contrary to the weight of the evidence "unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Wallace v City of New York, 108 AD3d 760, 761).
We agree with the Supreme Court's determination to deny that branch of the plaintiffs' motion pursuant to CPLR 4404(a) which was to set aside the verdict and for judgment as a matter of law, as there was a valid line of reasoning and permissible inferences which could have led a rational jury to conclude that the ladder furnished to Loretta was adequate to protect him from the hazards arising from his work. The jury could have credited Loretta's deposition and trial testimony that he did not remember if he was twisting the vertical pipe at the time of the accident, as well as the trial testimony of the plaintiff's engineering expert that, if the ladder did not topple over as Loretta was twisting the vertical pipe, the expert's opinion that the ladder was an inadequate safety device would be different, to rationally conclude that the plaintiffs did not meet their burden of demonstrating that the ladder was an inadequate safety device. We also agree with the court's determination to deny that branch of the plaintiffs' motion which was to set aside the verdict as contrary to the weight of the evidence. A fair interpretation of the evidence could have led the jury [*3]to reach its verdict that the ladder was an adequate safety device. Accordingly, we agree with the court's denial of the plaintiffs' motion pursuant to CPLR 4404(a) (see Century Sur. Co. v All In One Roofing, LLC, 154 AD3d at 807-808; Pelletier v Lahm, 111 AD3d 807, 808, affd 24 NY3d 966).
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court