People v Ivanchenko (2019 NY Slip Op 06621)





People v Ivanchenko


2019 NY Slip Op 06621


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2015-12380
 (Ind. No. 204/14)

[*1]The People of the State of New York, respondent,
v
Alsu Ivanchenko, appellant.


Paul Skip Laisure, New York, NY (Melissa Lee of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William E. Garnett, J.), rendered November 23, 2015, convicting her of aggravated cruelty to animals, overdriving, torturing, and injuring animals, and abandonment of animals, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of aggravated cruelty to animals beyond a reasonable doubt. The evidence demonstrated that the defendant intentionally struck her daughter's three-to-four-month-old puppy, which weighed less than 1.5 pounds, on the head, causing two fractures to the puppy's skull and a traumatic brain injury. The defendant then, by her own admission, put the puppy in a closed black plastic bag and dropped the bag out of her car on the side of the road. This evidence was sufficient to demonstrate that the defendant intentionally caused serious physical injury to the puppy with intent to cause extreme physical pain or in an especially depraved or sadistic manner (see Agriculture and Markets Law § 353-a[1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Romero, 7 NY3d 633, 644). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the counts of aggravated cruelty to animals and overdriving, torturing, and injuring animals was not against the weight of the evidence (id. at 644).
The defendant's contention that the Supreme Court improperly allowed the People's expert witness, Dr. Robert Reisman, to testify regarding the nonaccidental nature of the puppy's injuries is without merit (see People v Henson, 33 NY2d 63, 73; People v Abdul, 76 AD3d 563, 563). "[T]he admissibility of expert testimony on a particular point is addressed to the discretion of the trial court. The guiding principle is that expert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" (Century Sur. Co. v All In One Roofing, LLC, 154 AD3d 803, 808 [internal quotation marks omitted]; see Kohler v Barker, 147 AD3d 1037, 1038; Galasso v 400 Exec. Blvd., [*2]LLC, 101 AD3d 677, 678). Contrary to the defendant's contention, Reisman's opinion on the cause of the puppy's injuries required scientific and medical knowledge beyond the ken of the typical juror. His reliance on studies from veterinary journals in reaching that opinion was proper (see People v Boone, 30 NY3d 521, 531; People v Goldstein, 6 NY3d 119, 124; People v Jones, 73 NY2d 427, 430).
The defendant's contention that the Supreme Court failed to establish that her waiver of her right to testify was knowing, intelligent, and voluntary is unpreserved for appellate review (see CPL 470.05[2]; People v Haynes, 163 AD3d 994, 995), and we decline to reach it in the exercise of our interest of justice jurisdiction.
We decline the defendant's request to vacate, in the interest of justice, the order directing her to pay restitution (see People v Hobson, 43 AD3d 1179, 1180; People v Suitte, 90 AD2d 80, 83).
DILLON, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court