Haskins v Metropolitan Transp. Auth. (2024 NY Slip Op 02368)

Haskins v Metropolitan Transp. Auth.

2024 NY Slip Op 02368

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Manzanet-Daniels, J.P., Kern, Friedman, Rosado, O'Neill Levy, JJ. 

Index No. 151643/20 Appeal No. 2172 Case No. 2023-01037 

[*1]Darren T. Haskins, Plaintiff-Respondent,
v
Metropolitan Transportation Authority, et al., Defendants-Appellants.
Metropolitan Transportation Authority, et al., Third Party Plaintiffs-Appellants,
v
Entech Engineering, P.C., Third Party Defendant-Respondent. [And Another Action]

Conway, Farrell, Curtin & Kelly, P.C., New York (Ralph A. Cosentino of counsel), for appellants.
Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for Darren T. Haskins, respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered January 27, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim as against defendant Triborough Bridge and Tunnel Authority (TBTA), unanimously affirmed, without costs.
The court correctly found that the lack of sufficient safety devices to protect plaintiff from falling into a hole violated Labor Law § 240(1) and was a proximate cause of his accident (see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 450 [1st Dept 2013]). The hole measured 2 to 2½ feet deep, 18-inches wide, and 3-feet long and was covered by a thin piece of black plastic waterproofing material. TBTA's argument that plaintiff's fall was not actionable under Labor Law § 240(1) because the height differential was de minimis is unavailing. There is no bright-line minimum height differential that determines whether an elevation hazard exists, and here, the record establishes that plaintiff's fall was the result of exposure to an elevation related hazard (Brown v 44 St. Dev., LLC, 137 AD3d 703, 704 [1st Dept 2016] [internal quotation marks and citation omitted]; see Arrasti v HRH Constr. LLC, 60 AD3d 582, 583 [1st Dept 2009]). In addition, the fact that plaintiff fell while he was working at ground level does not remove this case from the purview of Labor Law § 240(1) (see e.g. Favaloro v Port Auth. of N.Y. & N.J., 191 AD3d 524, 524-525 [1st Dept 2021]; Sunun v Klein, 188 AD3d 507, 508-509 [1st Dept 2020]). The uncontroverted evidence established that plaintiff was not provided with any adequate safety devices to prevent his fall.
TBTA's argument that plaintiff's motion was premature is unavailing (see CPLR 3212[f]). TBTA failed to demonstrate that essential facts in opposition to the motion were exclusively within plaintiff's knowledge and control (see Alpine Custom Floors, Inc. v Yurcisin, 209 AD3d 460, 461 [1st Dept 2022]) given that the discovery sought related to a third-party action (see Weeden v First Natl. Bank of Long Is., 227 AD2d 398 [2d Dept 1996]; see also Sotelo v TRM Contr., LP, 212 AD3d 488, 488 [1st Dept 2023]), and there is no indication that the additional discovery might lead to relevant evidence (see Laporta v PPC Commercial, LLC, 204 AD3d 538, 539 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024